**STATE of Missouri, Respondent,**

**v.**

**Theodore DUISEN, Appellant.**

**No. 51451.**

Supreme Court of Missouri,
Division No. 2.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, James P. Jouras, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Theodore F. Schwartz, Clayton, for appellant.

STOCKARD, Commissioner.

Theodore Duisen, charged as an habitual offender (Section 556.280 RSMo 1959, V.A. M.S.), was found guilty by a jury of the felony of carrying concealed upon his person a deadly and dangerous weapon, and was sentenced by the court to confinement in the penitentiary for a term of two years. He has appealed from the ensuing judgment. Although represented by counsel of his own selection, no brief has been filed in this court. We review the assignments of error properly presented in the motion for new trial.

There is no challenge to the sufficiency of the evidence. A jury reasonably could find from the evidence that early in the morning of September 29, 1964, defendant was arrested while at a tavern at 7301 South Broadway in the City of St. Louis, and when searched there was found on his person concealed from view a .32 caliber, seven shot, loaded Arminius revolver.

The first assignment of error is that the trial court erred in overruling defendant's motion to suppress evidence for the reason that the search and seizure were made without a warrant and without probable cause.

The second assignment of error, related to the first, is that the court erred in admitting into evidence the revolver, holster and seven bullets found on defendant's person as the result of the search made at the time of his arrest.

The testimony received by the court at the hearing on the motion to suppress evidence was not included in the transcript filed in this court. Pursuant to Civil Rule 82.12(c), V.A.M.R., made applicable to criminal cases by Criminal Rule 28.18, V. A.M.R., this court directed that a supplemental transcript containing such testimony be prepared and filed.

 The legality of a seizure of property is to be determined by a motion to suppress the evidence, State v. Lord, Mo., 286 S.W.2d 737, 740, and "the burden is on the defendant to offer evidence and affirmatively demonstrate the illegality of the search and seizure." State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 887. In this case the only evidence on the motion to suppress was offered by the State and not the defendant. In fact, defendant did not cross-examine the only witness who testified.

Police Officer Thomas Hennessey testified that he "received information" that in a "saloon" located at 7301 South Broadway there was a man "attempting to sell narcotics." He and another officer went there, and Donald Bollinger told them that he had called the police, and he then "pointed out the defendant" and stated to the officers that the defendant had "attempted to sell narcotics to him." Officer Hennessey then placed defendant under arrest and as shown at the trial when defendant was searched as an incident of that arrest a loaded revolver in a holster was found concealed on his person.

 Police officers may arrest, without a warrant, one whom they have reasonable cause to believe is guilty of a recent felony, State v. Campbell, Mo., 262 S.W.2d 5, and "What constitutes 'a reasonable and probable ground of suspicion is incapable of exact definition, beyond saying that the officer must not act arbitrarily, but must exercise his discretion in a legal manner, using all reasonable means to prevent mistakes. In other words, he must be actuated by such motives as would influence a reasonable man acting in good faith; * * *.' " State v. Cantrell, Mo., 310 S.W.2d 866, 869. Defendant does not dispute this principle, but he asserts that there was no reasonable cause for his arrest, and, therefore, the search made as an incident thereto was illegal. Donald Bollinger told the arresting officer that the defendant had attempted to sell narcotics to him. See Sections 195.010, 195.020 and 195.200, and also Section 556.-140 RSMo 1959, V.A.M.S. Therefore, the informer had actual knowledge of the recent commission by defendant of a felony. This is not the situation in United States v. Clark, D. C., 29 F.Supp. 138, where the informer had no reasonable ground to believe the person arrested had committed a felony. The rule stated in State v. Witt, Mo., 371 S.W.2d 215, 217–218, is applicable to this case, and is that "Police officers are authorized to arrest upon reasonable cause to suspect that one is guilty of a felony, either upon their own knowledge or upon facts 'communicated to them by others * * *.' " Here the facts, as distinguished from suspicions, communicated to Officer Hennessey by Donald Bollinger constituted an adequate basis for the determination by the police officer that he had reasonable cause to believe that defendant had recently committed a felony. Aside from the fact that defendant failed to meet the burden of establishing the illegality of the arrest and the search incident thereto, the State established its legality. The arrest was lawful, and being so, the officer could conduct a search of defendant's person as an incident thereto, and the revolver, holster and seven bullets seized were properly admitted into evidence.

The third assignment of error is that the trial court erred "in finding the defendant guilty of the prior conviction as charged in the amended information in that the court

failed to find that the defendant was duly sentenced by said court to a fine of $100 and costs, and that the defendant lawfully complied with said sentence."

Defendant voluntarily took the stand and testified that on October 27, 1961, he was found guilty of the offense of assault with intent to do great bodily harm without malice, a graded felony, and was fined $100 which he paid. In addition, counsel for defendant and the State stipulated that the defendant was "the same Theodore Duisen who was convicted of a felony offense of assault with intent to do great bodily harm without malice, and he was fined one hundred dollars and costs, and in compliance [there]with did pay a fine of one hundred dollars and costs, * * *."

Section 556.280 RSMo 1959, V.A.M. S., provides that if any person convicted of any offense punishable by imprisonment in the penitentiary, "shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor," and is charged with having thereafter committed a felony, certain procedures in his trial shall be followed, one of which is that the trial judge shall determine the punishment. It is further provided that evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole or prohibition shall be heard and determined by the trial judge out of the hearing of the jury, "and the court shall enter its findings thereon." The findings of the trial court in this case were only that "The court will find him guilty of the prior conviction." This does not comply with the minimum requirements of Section 556.280, in that there was no finding that defendant was "sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor." See State v. Hill, Mo., 371 S.W.2d 278, and also State v. Collins, Mo., 383 S.W.2d 747. In the Collins case, the issue was whether the defendant had been imprisoned by reason of the prior conviction, and it was there pointed out that "defendant's admissions did not include imprisonment under [the] sentence." Here, not only did the defendant testify, but he stipulated that he was convicted, sentenced to a fine, and that he paid the fine. There was no evidence to the contrary. Therefore, while the findings of the trial court were not completely in compliance with Section 556.280, defendant is in no position to complain now on appeal that the trial court did not enter a formal finding that he was sentenced to pay a fine of $100 and that he had complied with the sentence.

Defendant asserts in his fourth assignment of error that the trial court erred in refusing to grant a mistrial "after allowing the plaintiff [State], over defendant's objection, to go into the facts of defendant's conviction for violation of the National Firearms Act after defendant had previously testified to said conviction." Defendant testified in his own behalf, and on direct examination he volunteered the information that in 1961 he had served about four months imprisonment for a federal offense described by him as "possession of an unregistered shot gun." On cross-examination he was asked if the offense of which he was convicted was "for possession of an unregistered shot gun, a sawed off shot gun?" To this question defendant entered an objection, without stating any reason, and moved for a mistrial. The trial court overruled the objection and motion.

When a defendant becomes a witness, he shall be liable to cross-examination as to any matter referred to in his examination in chief. State v. Rose, Mo., 325 S.W. 2d 485; State v. Brown, Mo., 312 S.W.2d 818; State v. Byrd, Mo., 360 S.W.2d 614. Defendant first brought out information about the federal conviction, and the State unquestionably had the right to cross-examine him concerning it to clarify his testimony. This assignment is without merit.

The fifth and sixth assignments of error are that the trial court erred in refusing to declare a mistrial when the assistant circuit attorney stated in argument to the jury "that the defendant's prior convictions

should be used in deciding the guilt of the defendant," and when he commented "on the character of the defendant when the defendant had not previously put his character in issue." The immediate answer to these contentions is that this is not what was said in argument. What was said by the assistant circuit attorney was this: "The Court tells you to evaluate the credibility and weight to be given to each and every witness' testimony, and that is where you can take into consideration the man's background. Is he a truthful person? Does he have a good, substantial background? Does he have a background as substantial as other witnesses in this case? This is where that comes into play, how much weight you are going to give to this testimony. The man has a prior conviction. Don't think this has been brought out in the open and there is nothing to it at all. There is something to it. You have to consider this man's background. You can take each and every circumstance surrounding this particular occurrence that night. What type individual is this?" At this place defendant objected to the argument "as going into his character."

The above comments in argument concerning a previous conviction clearly were directed to the credibility of defendant who had elected to take the stand and tell about the previous conviction. There can be no question but that the above comment was authorized and proper. State v. Cox, Mo., 333 S.W.2d 25; State v. Jones, Mo., 221 S.W.2d 137, 138; State v. Kuever, Mo.App., 363 S.W.2d 31. It may be said that any comment concerning the credibility of the defendant may indirectly have some bearing on his character, but when the comments are proper as comments on credibility, as they were in this case, the defendant cannot complain that the jury knows about the previous conviction, or that the properly received information may affect other areas of consideration.

The seventh assignment of error is that the trial court erred in failing "on its own motion to instruct the jury on the law governing the defendant's prior convictions." The jury was properly instructed concerning the credibility of witnesses, and that is the only instruction which might pertain to defendant's prior convictions to which defendant was entitled under the facts of this case, at least without a specific request, which admittedly was not made.

The final assignment is that the court erred in failing to declare a mistrial and in permitting counsel for the State to say in closing argument that "I know the defendant is guilty." The only portion of the argument set out in the transcript pertaining to this contention is as follows:

"Mr. McDonald [State's attorney] This weapon is not a play toy.

"The Court: Your time is up, Mr. McDonald.

"Mr. McDonald: I want you to consider that.

I say to you, in all sincerity and humility, this man is guilty of this charge.

"Mr. Schwartz: [Defense Counsel] Your Honor, that statement is highly improper, and I ask that a mistrial be declared.

"The Court: It will be denied."

The applicable rule is set out in State v. Paglino, Mo., 319 S.W.2d 613, 625, as follows: " 'The law is well settled that the prosecuting attorney may not express his private opinion or knowledge of a defendant's guilt but where it is apparent that his opinion is based solely on the evidence in the case he may properly argue that, in his opinion, defendant is guilty.' " See also State v. Groves, Mo., 295 S.W.2d 169, 173; State v. Burchett, Mo., 302 S.W.2d 9; State v. Feltrop, Mo., 343 S.W.2d 36, 39. We cannot say from the limited record before us that the comment was not an expression of opinion by the State's attorney based exclusively and solely on the evidence

in the case. The argument is not shown to have been improper.

Examination of the record as required by Criminal Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

BARRETT, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.