**Ralph WILKINSON, Respondent,**

v.

**Garland F. VAUGHN, Appellant.**

No. 52473.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1967.

Motion for Rehearing or to Transfer to Court
En Banc Denied Oct. 9, 1967.

Normal J. Williams, Eldon, for respondent.

Harrold S. Hutchison, Vienna, Claude T. Wood, Richland, for appellant.

FINCH, Presiding Judge.

■ Defendant appeals from a decree of specific performance of a contract for conveyance of real estate. We have jurisdiction because title to real estate is directly involved. Kerrick v. Schoenberg, Mo., 328 S.W.2d 595; Art. V, § 3, Constitution of Missouri, 1945, V.A.M.S.

Plaintiff, as buyer, and defendant, as seller, entered into a written contract dated January 24, 1957, and executed February 8, 1957, for the purchase and sale of 160 acres, more or less, in Miller County, Missouri, for a price of $3300.00. The property was specifically described in the contract. The body of the contract was as follows:

"WHEREAS, It appears of record at this time that the seller is unable to convey said lands and to make a good, clear and merchantable title thereto, and that a considerable time will be required for him to do so, and that the buyer is anxious and willing to obtain the full and complete possession of said land upon the execution of this contract, the parties have agreed:

"That the buyer has paid to the seller the sum of Two Hundred ($200.00) and has entered into possession of said land, said sum having been paid as the annual rental for the use of said land, and in consideration of this contract, and the buyer agrees to pay a like sum on or before the first of each year for the years 1958 and 1959, should that period of time be required for the seller to perfect his said title.

"If however, when said title is made merchantable, then the full purchase price of said land shall be paid by the buyer without interest before tender of title with a good and sufficient warranty deed and complete abstract showing merchantable title in the seller. The seller shall pay all taxes assessed against said land that is due and can be paid at the time of his delivery of said deed.

"It is further agreed that unless said title is made clear and merchantable on or before the last day of the year of 1959, then for the next two years said rental shall be reduced to the sum of One Hundred Fifty ($150.00) dollars per year until such time as said title is perfected.

"The seller shall make, execute and deliver a general warranty deed for all of said land to the buyer, which, together with a copy of this contract shall be deposited with some safe depository pending the consummation of this contract.

"Further, that if said title is not made merchantable within the time as herein set forth, and said rental has been fully paid, then the buyer, may, at his option, proceed to settle off and satisfy any and all claims that may be necessary to make said title clear and merchantable out of the purchase money as herein specified, and the balance thereof shall be paid over to the seller, and said deed shall be delivered to the buyer.

"The seller agrees that all standing timber and all buildings, fences and appurtenances shall remain as they are pending the completion of this contract."

Defendant did not execute a deed and deliver it to a depository as required by the contract and did not convey the property to plaintiff. The latter brought suit for specific performance on June 15, 1963. The petition, after reciting terms of the contract, alleged that plaintiff paid the rentals provided for the years 1957 through 1961, inclusive; that plaintiff had tendered performance of the balance of the agreement on his part, and that plaintiff was willing to accept whatever title defendant possessed, but the defendant had advised plaintiff that he did not intend to carry out the terms of his written contract or to sell the land to plaintiff, and that defendant had, in fact, refused to carry out the contract. Inadequacy of plaintiff's remedy at law was alleged.

Defendant's answer admitted that he had signed a written contract with plaintiff on February 8, 1957, and admitted that plaintiff had paid the rentals called for in the contract through the calendar year 1961, but denied other allegations of the petition. The answer further alleged that plaintiff breached the contract by failure to pay rentals for years subsequent to 1961 and by bulldozing, cutting and selling timber from the farm. It further alleged that defendant, who was single when the contract was signed, was married in June 1957, and that his wife refuses to sign the deed, thereby making it impossible for him to perform the contract and deliver merchantable title.

Plaintiff's evidence consisted of the written contract of sale and his own testimony. Defendant did not take the stand, and his evidence consisted solely of testimony of his wife. The evidence will support the following statement of facts:

Plaintiff owned land adjoining the 160 acres in question. He negotiated with defendant to buy this tract, and they agreed on a price of $3300.00. A prior owner had signed an appearance bond for $1000.00 which had been forfeited and at that time was a lien against the farm. Defendant did not want to pay off the bond. The parties went to a lawyer who drafted the contract which was signed. The lawyer thought that the statute of limitations would take care of the bond in some three to five years, and meanwhile plaintiff would have possession of the property.

Plaintiff paid the rental of $200.00 per year for 1957, 1958 and 1959 and of $150.00 per year for 1960 and 1961. During that time, plaintiff had a bulldozer clear about 150 trees and debris to clean out a drainage ditch so that water would not run out into the field and so that some of the land could be converted to pasture. He cut and sold four or five trees for stave bolts for $2.50. He plowed, limed, fertilized and seeded the pasture, and he replaced some old rotted fence posts and built some new fence. He also built a road in order to have access.

Defendant at no time asked plaintiff to stop this work.

Defendant took no affirmative steps to do anything about the bond or to perfect. the title.[1] After plaintiff had paid the rental for the fifth year, 1961, he undertook to try to get the title straightened out, and for that purpose went to the attorney who represents him in this case.

Plaintiff then asked defendant two or three times to make a deed to him and offered to make full payment, but defendant did not make the deed. He told plaintiff that his wife would not sign a deed. In answer to a question on cross-examination as to whether he would be willing to pay the $3300.00 for a title signed by the defendant alone, plaintiff said that he wanted the deed that plaintiff was supposed to have made or for the court to give him a deed.

Mrs. Vaughn, wife of the defendant, testified that the tract in question was her parents' homeplace, and that she was born there, that she had told her husband she would not sign a deed, and that in fact she would not sign it because it was her old homeplace.

The trial court entered a decree ordering specific performance of the contract by the defendant upon payment by plaintiff of the full purchase price named in the contract.

■ At the outset, defendant attacks the right of plaintiff to maintain a suit for specific performance on the ground that he did not allege and prove facts to establish the inadequacy of plaintiff's remedy at law. He points out that the petition merely alleges that plaintiff's remedy at law is inadequate. This contention overlooks the fact that a tract of land is regarded as unique, entitling purchaser to specific performance of a contract for its purchase, irrespective of special facts showing inadequacy of purchaser's legal remedy. McCullough v. Newton, Mo., 348 S.W.2d 138; Cummins v. Dixon, Mo., 265 S.W.2d 386, 47 A.L.R.2d 441.

■ Defendant next contends that the contract itself is deficient in several respects as a basis for specific performance, and consequently the petition, based thereon, fails to state a claim upon which relief can be granted. In this connection, defendant relies on the rule that a court of equity will not make a contract for the parties, and if a contract is indefinite, uncertain or incomplete, the court will not order specific performance. This is the general rule, but an examination of the contract in each particular case is necessary to determine whether specific performance is barred by the general rule.[2]

■■ The first attack on the sufficiency of the contract is that it provides no specific time for performance. We overrule this contention. "Where time of performance is not made the essence of the contract an ambiguity in that respect will not defeat specific performance. In such cases, it is implied that performance may be required within a reasonable time." Ray v. Wooster, Mo., 270 S.W.2d 743, 751. The contract here clearly contemplated that seller might require as much as five years to clear the title and provided for payment of an annual rental for each of those years. The five years would have ended at the end of 1961, and thereafter plaintiff went to an attorney about the contract and property, and on two or three occasions he tendered performance on his part and asked defendant to make a deed. Defendant refused, and in June of 1963 plaintiff brought this suit to enforce specific performance. He had that right so long as he acted within a reasonable time,

1. There was reference in the testimony to some error in the description of 40 acres of the tract in a deed to defendant but there was no evidence as to the nature or details of the error. Whatever the error was, it had not been corrected, but plaintiff offered to take what title the defendant had.

2. We do not lengthen this opinion by reviewing and analyzing each cited case, but we have examined and considered them in reaching our conclusion herein.

and defendant has not asserted or proved that the time was unreasonable or that defendant suffered any damage on account of delay.

■ Defendant's next contention of insufficiency of the contract is that plaintiff was not obligated under the contract to purchase the property. Rather, says defendant, this was a mere contract for a lease with an option to buy. We do not so interpret it. Plaintiff was designated as a buyer. He agreed to pay an annual rental for a period up to five years to provide time for seller to perfect his title. The contract provides that "when said title is made merchantable, then the full purchase price of said land shall be paid by the buyer * * *." The contract did obligate plaintiff to buy.

■ The third attack on the adequacy of the contract is the assertion that there was no consideration therefor. The contract specifically provides that the $200.00 paid at the time of the execution of the contract was for both rental and consideration for the contract. In addition, there are mutual undertakings by the parties which in and of themselves would provide sufficient consideration. There is no merit to this point.

■ Apparently defendant also claims that the contract is deficient in that it imposed no obligation on the defendant to make the title merchantable, and that to impose such obligation is to write a contract for the parties. An examination of the contract shows that defendant definitely agreed to sell this property and that he was to convey by warranty deed. He was given time to perfect the title. It necessarily implied that defendant was obligated to clear the title because only in that manner could he comply with his obligation to convey the property free and clear of liens by general warranty deed. Defendant evidently contemplated that mere inaction would suffice to clear the title by reason of the running of the statute of limitations.

We cannot know whether that hope has been achieved because the record shows no details about the alleged lien on account of a forfeited bond, but there is no merit to defendant's contention that the contract was unenforceable on the theory that it is vague and indefinite in not imposing an obligation on defendant-seller to clear the title.

■ In Ray v. Wooster, supra, 270 S.W.2d l. c. 752, this court set out the essential provisions of a contract for it to be specifically performable, as follows: "The essential terms of a contract of the character sought to be enforced in this action are: (1) the parties; (2) the subject matter; (3) the promises upon both sides; (4) the price; and (5) the consideration." All of these essential provisions are present in this contract. Undoubtedly, the contract leaves something to be desired in draftsmanship. It could have been more clearly stated. That fact, however, does not prevent the contract from being specifically performable. See Rayburn v. Atkinson, Mo., 206 S.W.2d 512, 515 [2].

■ Another contention asserted by defendant is that plaintiff cannot recover because he does not come into equity with clean hands. He argues that the evidence discloses that the contract was entered into "for the sole purpose of defrauding the State of Missouri of its judgment against the land for One Thousand Dollars ($1,000.00)." We find no justification for this contention. Plaintiff is not shown to have done anything to conceal any facts or to mislead the State. It placed no obstacle in the way of enforcement by the State. The contract recited that the specifically described property was to be sold and that at the time of the contract seller was unable to convey merchantable title. It gave him time to clear the title. The contract was promptly recorded, as shown by the exhibit in evidence. It obligated the defendant to convey the property by warranty deed free of liens. Plaintiff is not barred from relief by the unclean hands doctrine.

Defendant's next point is that plaintiff cannot have specific performance because the evidence shows that he has not paid the purchase price, as the contract required. He refers to the provision in the contract to the effect that the purchase price shall be paid "before tender of title." Actually, the uncontradicted evidence is that plaintiff tendered performance to the defendant two or three times. Defendant did not see fit to take the stand at all, and this testimony on the part of the plaintiff was not contradicted. The evidence was that the defendant responded to these tenders by saying that he would not perform the contract and would not convey the property. Even if tenders had not been made by plaintiff, the statement by defendant that he would not perform and would not convey excused a tender by the plaintiff. Cooper v. Mayer, Mo., 312 S.W.2d 127; Edwards v. Watson, 258 Mo. 631, 167 S.W. 1119; Cummins v. Dixon, supra; 81 C.J.S. Specific Performance § 103, p. 623.

Defendant next claims that the plaintiff cannot prevail herein because he breached the contract by (a) failure to pay rent, (b) bulldozing, cutting and selling trees, and (c) breaching his obligation to clear the property of liens. The contention that the plaintiff has failed to pay rent is based on the proposition that the contract required plaintiff to continue to pay rent until the title was perfected. Actually, it only provided for rental payments for a total of five years or such part thereof until the title was perfected. The words "One Hundred Fifty ($150.00) dollars per year until such time as the title is perfected" limit the two-year extension for rentals after the year 1959 and do not provide a continuing extension after 1961 until title is perfected. They recognize that the title may be perfected in less than that two-year extension. There is no provision for payment of rental after 1961. With respect to the contention that the plaintiff breached the contract by bulldozing trees and debris and by cutting and selling a few trees for stave bolts, the evidence was that the de-

fendant knew of these actions and made no complaint whatsoever. Futhermore, there is no provision in the contract which prohibits the plaintiff from these actions. The defendant-seller assumes an obligation to leave timber, buildings, fences and appurtenances as they are pending completion of the contract, but there is no such obligation imposed on the plaintiff-buyer. Finally, the contention that the plaintiff breached the contract by failing to clear the property of liens is based on the false premise that the contract so obligated plaintiff. It did not do so, but, on the contrary, provided that if the seller did not make the title merchantable within the five-year period, the plaintiff might, "at his option, proceed to settle off and satisfy any and all claims that may be necessary to make said title clear and merchantable out of the purchase money * * *." Obviously, giving him such an option did not impose a mandatory obligation.

Next defendant asserts that under decided cases the court could not decree specific performance if title had not been perfected in the seller. He cites the cases of Isaacs v. Skrainka, 95 Mo. 517, 8 S.W. 427, and Luckett v. Williams, 37 Mo. 388. Both of these cases relate to situations in which a seller is attempting to obtain specific performance of a contract, and in both cases the court announces the rule that a vendor cannot have specific performance of a contract without showing that he has good title to the land he has bargained to sell. That rule does not bar specific performance in favor of plaintiff, the buyer, in this case. He says here that he will take what title the defendant has, and there at least is the implication that the lien of the bond for forfeiture has been removed by lapse of time. Whether it has or not, the buyer could waive such requirement and take what title the seller has. Defendant, as the seller, may not defeat such specific performance by relying, as he seeks to do, on his failure to take affirmative steps to remove the lien.

Still another contention by the defendant is that the trial court has ordered him to do an impossible thing. This assertion is based on the fact that the defendant, who was single when he signed the contract, has since married and his wife will not join in the deed. Plaintiff says in his brief with reference to this contention that the defendant should not be "allowed to enter into a valid binding contract for the sale of land and then marry away his obligations thereunder within a few months after the execution of said contract." We agree with that statement and hold that this is not a basis for denying the court the right to order specific performance of his contract by the defendant-seller. The title to this tract was in defendant as a single person. He married several months after the contract of sale, but dower was abolished in Missouri by the 1955 Probate Code, § 474.110, RSMo 1959, V.A.M.S. Clearly, a husband may now convey his separate property without his wife joining in the deed. Section 474.150, RSMo 1959, V.A.M.S., covering separate conveyances which may be in fraud of the marital rights of a surviving spouse, is not applicable under the facts here, but it necessarily recognizes that there can be conveyances of separate property of a spouse without the other spouse joining.

Defendant also claims that the plaintiff in his testimony stated that the contract was terminated in 1961, and that having abandoned the contract, he cannot now have specific performance. We think that a fair reading of that portion of the testimony does not indicate that the plaintiff was saying that he had abandoned the contract in 1961 because he stated at that point that he then went to Mr. Williams, his present attorney, and had him proceed in the matter. He apparently intended by his answer to indicate that the five-year period had ended and he took steps to conclude his status as lessee and obtain a conveyance. He did not mean that he terminated his rights under the contract.

We conclude that the contract is specifically performable and that the trial court properly found the issues for plaintiff. However, the decree contains neither the actual description of the property to be conveyed nor the amount to be paid, except by reference to the petition and to the contract. Each should be set out specifically in the judgment. We affirm but remand for the entry of a judgment in accordance with our directions herein.

Plaintiff states in his petition that he is willing to take whatever title the defendant has to this property. In oral argument of this case, as well as in his brief, plaintiff has expressed a willingness and, in fact, a preference for title to be divested from defendant and vested in plaintiff by judgment of the court. This is authorized by S.Ct. Rule 74.20, V.A.M.R. Under the circumstances in this case, we have concluded that this is the proper course to pursue.

Accordingly, we direct the trial court to enter judgment finding the issues for plaintiff and against defendant, directing plaintiff within a specified number of days (ten, for example) to deposit the purchase price of $3300.00 in the registry of the court, and providing that if said sum is so deposited by plaintiff, all right, title and interest of defendant in the property (to be specifically described in the judgment) is divested and same is vested in plaintiff, Ralph Wilkinson. Costs should be taxed against defendant.

All of the Judges concur.