STATE of Missouri, Respondent,

v.

Victor LAWRENCE, Appellant.

No. 52895.

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, J. L. Anding, Special Asst. Atty. Gen., Pacific, for respondent.

Theodore F. Schwartz, Clayton, for appellant.

HOUSER, Commissioner.

Victor Lawrence, charged with and convicted of second degree burglary, § 560.045, RSMo 1959, V.A.M.S., under the Habitual Criminal Act, and sentenced by the court to 5 years' confinement in the penitentiary, has appealed.

These are the facts: Unice Sanders, occupant of a four-room cottage located at 1612 North 18th Street in the City of St. Louis, went to bed at 10 o'clock p.m. on July 3, 1966 with her front and back doors and windows secured. The night latches on the doors were locked. The windows were open but there were screens in the windows. The screens were "locked or tacked," that is, the screens were fastened into the windows with tacks. The next morning Mrs. Sanders was awakened at 7 a.m. at which time she found the doors open, a 2-inch piece of tin which had been nailed over a hole just above the doorknob off the door and the screen off the front window. Shortly after daybreak, between 5 and 6 a.m., Mr. Perryman, a neighbor, observed defendant take a screen off one of the windows of the Sanders house and saw him climb through the window and go inside the house. He "tore the screen off the window." This took 2 or 3 minutes. When he began to work on the screen the neighbor telephoned the police, who came shortly thereafter. Another neighbor, who had seen defendant looking into the Sanders house earlier, hearing the police siren, looked toward the Sanders house and observed defendant run out through the back door of the house. When the police arrived defendant was coming out of the alleyway. A policeman told him to "hold it," Mr. Perryman identified him and defendant was arrested.

Defendant makes two points. First, he seeks a reversal of the judgment on the ground that the court erred in not directing his acquittal because as a matter of law the evidence proved that the offense was *first* degree burglary, not second degree burglary; that the evidence was insufficient to sustain a conviction of burglary in the second degree. This point is without merit. Criminal Rule 26.06, V.A.M.R. provides that "A defendant in any criminal case shall have no just cause for complaint because * * * (2) the evidence showed or tended to show him to be guilty of a higher degree of the offense than that of which he was convicted." The evidence was sufficient to sustain a conviction of burglary in the second degree. State v. Wilson, 225 Mo. 503, 125 S.W. 479.

Defendant's second point relates to a statement made by the assistant circuit attorney in final argument to the jury. Defendant took the stand and testified in his own behalf. He indicated that he had been nightclubbing in East St. Louis; had been let out near the scene of the crime, and was on his way to his mother-in-law's house when the police arrested him, and that he was arrested because of his past convictions. In his direct examination and again on cross-examination it was elicited that he had pleaded guilty to burglary and stealing in November, 1960, and thereafter had pleaded guilty to stealing from a dwelling house and had been sentenced to 2 years in the penitentiary on account of each con-

viction. In his final argument the assistant circuit attorney, after speaking in a disparaging manner about the defendant's "story" said: "That burglary conviction and other convictions were brought out solely and only for impeachment purposes, which is a lawyer's word, 'impeachment'; that was the only purpose. It is applied to his credibility. Who do you believe? Do you believe this man who has manifested dishonesty in the past—." At that point counsel for defendant interrupted with an objection, and a request that it be stricken, a mistrial declared, and the jury discharged. The court sustained the objection but refused to declare a mistrial.

Defendant contends that this amounted to a general attack on the character and reputation of the defendant when the defendant had not put his character and reputation in issue, citing State v. Mobley, Mo.Sup., 369 S.W.2d 576, 580, and State v. Slay, Mo.Sup., 406 S.W.2d 575, 580, for the proposition that where prior convictions have been presented to the jury for the purpose of affecting the defendant's credibility the final argument of the state should be carefully confined to that purpose and subject.

■■■ The transcript plainly shows that the final argument of the assistant circuit attorney was confined to the question of the defendant's credibility as a witness. His inquiry of the jury whether they believed this man "who has manifested dishonesty in the past" was an inquiry relating to his credibility in the light of his background—which must have been understood as a reference to his previous convictions of burglary and stealing—and not a general attack upon his character and reputation nor an effort to procure a conviction in the case on trial on the basis that he had been previously convicted. Defendant's background and previous convictions may properly be weighed in determining what type of an individual he is and whether he is credible. State v. Duisen, Mo.Sup., 403 S.W.2d 574 [9]. Of course, as stated in that case, 403 S.W.2d, l.c. 578, "any comment [or we may add any inquiry] concerning the credibility of the defendant may indirectly have some bearing on his character, but when the comments are proper as comments on credibility, * * * defendant cannot complain that * * * the properly received information may affect other areas of consideration." In this connection see and compare State v. Mitchell, Mo.Sup., 86 S.W.2d 185 [5] and State v. Jones, Mo.Sup., 221 S.W.2d 137 [4]. It is elementary that a convicted burglar and thief is a dishonest person and it reasonably may be argued that that type of person, with that kind of background, is not worthy of belief.

We have examined the amended information, verdict, judgment and sentence and find them proper and sufficient in form and substance. Defendant was arraigned and pleaded not guilty. He was accorded trial by a jury and was present throughout the trial, at the time the verdict was received from the jury, and at the time of judgment and sentence. Allocution was accorded defendant. The verdict is responsive to the issues; the punishment is within the legal limits and the trial court considered the motion for new trial.

Finding no error, the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.