**STATE of Missouri, Respondent,**

v.

**Leon JOHNSON, Appellant.**

**No. 55244.**

Supreme Court of Missouri,
Division No. 1.

Feb. 8, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied March 8, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

Jeffrey H. Pass, Millard M. Backerman, St. Louis, for appellant.

HIGGINS, Commissioner.

Leon Johnson, with prior conviction for felonious stealing of an automobile, was convicted by a jury of carrying a concealed weapon and the court assessed his punishment at five years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 564.610, V.A.M.S.

Appellant does not question the sufficiency of the evidence to sustain the conviction; and a jury reasonably could find from the evidence that on June 25, 1969, he was arrested at 12th and Locust, St. Louis, Missouri, and, when the bag in his possession was searched, there was found concealed a .32 caliber loaded pistol.

Appellant's only contention is that the court erred in overruling his pretrial motion to suppress evidence and in admitting the pistol into evidence at trial "because (A) the police officers did not have probable cause to arrest appellant for attempted car theft; or (B) even if the arrest was based on probable cause and therefore lawful, the search of appellant's bag and the seizure of the .32 caliber gun were not 'incident' to the arrest."

The legality of a seizure of property is to be determined from the evidence adduced on the motion to suppress the evidence, State v. Duisen, Mo., 403 S.W.2d 574, 576[1]; and with the ruling on that motion, the question concerning the lawfulness of the arrest and the validity of the search went out of the case, except for appellate review, State v. Holbert, Mo., 416 S.W.2d 129, 133; State v. Tillman, Mo., 454 S.W.2d 923, 926.

The evidence adduced by appellant on his motion to suppress was his own testimony and that of Sergeant Roy Stetson of the St. Louis Police Department.

On June 25, 1969, Sergeant Stetson was working the day watch in the Hotel Squad of the Bureau of Investigation. Around

11:45 a. m., he was informed by Mr. Seeker (sic), probably Weger, Security Officer at the Sheraton-Jefferson Hotel, that two of his employees in the hotel garage were chasing a man who had attempted to steal a car from the garage and that the chase had gone east on St. Charles toward 12th Street. The sergeant and his partner, Detective Hayner, then went east on St. Charles Street to 12th and, upon looking south on 12th to Locust, saw a taxicab going westwardly around the corner with the two garage employees, Mr. Williams and Mr. McKinney, in pursuit. The two police officers went immediately to the corner and the employees took defendant from the cab. The defendant was "scuffling" with them. The defendant was trying to get his hand into a duffle or "gym" bag he was carrying and the employees were holding him, keeping him from getting into his bag. The officers went to the scuffling parties and Sergeant Stetson, after identifying himself as a police officer, placed the defendant under arrest for suspected car theft. They "told him to get over to the wall, and I took a bag away from him. He was trying to get into this duffle bag." The bag was an "ordinary, Navy bag * * * It had a zipper top. The zipper top was open. * * * When I took the bag away from him and told him to get over to the wall, I went in the bag and there was a 32 Colt revolver, fully loaded, he was trying to get out of there. * * * I charged him with Carrying a Concealed Weapon and Attempt(ed) Larceny of an Automobile."

Leon Johnson's version of his arrest was that he caught a taxicab in front of the hotel and got to the corner of 12th and Locust when "these two fellows * * * kind of pulled me out of the cab." He struggled with them, and, while struggling, opened the zipper of his bag. The policeman "come up and pulled his gun. He didn't show me no identification until he told me to drop the bag. * * * I dropped the bag. He told me to put my hands up against the wall."

Upon conclusion of this evidence, the motion to suppress was overruled, and appellant preserved his assignment of error by objecting to introduction of the gun into evidence at trial, by renewing his motion to suppress at the conclusion of the trial, and by asserting error in his motion for new trial.

Appellant's argument with respect to probable cause is that his arrest "for attempted car theft was not based on probable cause, but rather on the uncorroborated statement of an informer, and therefore was not lawful." He would support his argument by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, holding that probable cause for issuance of a search warrant does not exist unless the issuing magistrate is informed of the circumstances underlying the alleged informant's conclusions and those from which the affiants conclude that the informant was credible or his information reliable.

More to the point in this case is his quotation from State v. Novak, Mo., 428 S.W.2d 585, 591[6, 7], citing Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, and Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, all to the effect that dealing with probable cause for arrest requires dealing with probabilities which are not technical but are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved; and probable cause for arrest exists where the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. The substance of all the definitions of probable cause is a reasonable ground for belief of guilt. Applying this test, appellant states the issue to be

"whether the facts and circumstances known to the two police officers at the time they arrived at the corner of Twelfth and Locust Streets, and the location of Appellant and the two garage employees, were 'reasonably trustworthy' to warrant their belief that Appellant had attempted to steal a car from the Sheraton-Jefferson Hotel garage."

■ The evidence on the motion to suppress warranted a finding that the arrest of Leon Johnson was based on probable cause. Sergeant Stetson was assigned to the Hotel Squad with duty at the Sheraton-Jefferson Hotel. He received information of an attempted car theft from the hotel garage from the head of security at the hotel. The information given the officer tied the suspect to the man being then pursued by two garage employees. The route taken by the suspect and the pursuing employees was given also; the officers followed it and soon came upon defendant being chased and caught by the employees. The employees then scuffled with defendant, kept him from putting his hand in his bag, and held him until the officers could make an arrest. Thus, the information given to the officers about the chase of an automobile theft suspect was verified, and such verification warranted reliance on the remainder of the security guard's information that the suspect was being pursued for attempted car theft. See Draper v. United States, 358 U.S. 307, 312–313, 79 S.Ct. 329, 3 L.Ed.2d 327, and Ker v. California, 374 U.S. 23, 34–37, 83 S.Ct. 1623, 10 L.Ed.2d 726, holding that where information is communicated to the police, and the officer follows the lead and corroborates the information by his own observation consistent with the original information, probable cause for an arrest is established; and State v. Hill, Mo., 419 S.W.2d 46, where two officers stopped defendant because he appeared to fit the descriptions given of a suspect in several holdups; he stepped backward into the street and put his ·hand under his shirt, following which the officer informed defendant of his arrest, told him

to remove his hand and a revolver dropped to the pavement. "Under these circumstances, the arrest was legal, either on the ground that the officers had reasonable grounds based on bona fide information communicated to them in their police work, for believing defendant, who appeared to fit the description they had received, was involved in the recent holdups * * *, or on the basis that the response of defendant * * * gave the officers grounds to believe defendant intended to breach the peace * * *." 419 S.W.2d l.c. 47[2]. See also State v. Duisen, supra, 403 S.W. 2d l.c. 576[5]; State v. Vainikos, Mo., 366 S.W.2d 423, 425[3].

■ Appellant's second argument is that even if his arrest were lawful, the search of his bag and seizure of his gun were not "incident to that arrest * * * because the bag was not within Appellant's 'immediate control' at the time of the search and seizure." He cites Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, holding there is no justification for a routine warrantless searching of any room of a defendant's home other than that in which the arrest occurs. That case is not applicable because distinctions have been made between searches of homes and of nonprivate areas, e. g., automobiles, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; State v. Ward, Mo., 457 S.W.2d 701, 707, and of persons, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889; and, for that matter, Chimel v. California itself recognizes that "A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control' —construing that phrase to mean the area from within which he might gain possession of a weapon * * *." 395 U.S. l.c. 763, 89 S.Ct. l.c. 2040.

So it is in this case that at the moment of arrest, the officers, having observed de-

fendant's flight, the scuffle, and his attempt to get into the bag, were justified in contemporaneous seizure of the bag and examination of it for weapons. Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777; Evalt v. United States, 9 Cir., 359 F.2d 534.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by Higgins, C., is adopted as the opinion of the court.

All of the Judges concur.