KURT S. ODENWALD, Judge
Introduction
Adnan Esmerovic ("Esmerovic") appeals from the trial court's judgment after a jury found him guilty of first-degree attempted robbery. In his sole point on appeal, Esmerovic contends that the trial court clearly erred in denying his motion to suppress his confession because his statements followed a warrantless arrest. Because the officer had probable cause to arrest Esmerovic, the trial court did not clearly err in denying Esmerovic's motion. We affirm the trial court's judgment.
Factual and Procedural History
A man entered a bakery with what appeared to be a gun, and demanded money from the cashier, who was working by herself. The cashier refused to give the man any money, then led the man out of the store. The cashier quickly returned to the store and locked the door behind her; the man left. The bakery's video surveillance recorded the attempted robbery. The cashier did not speak fluent English; she contacted the bakery owner's mother to inform her about the attempted robbery. The mother phoned the bakery owner, Haris Delic ("Delic"). Delic then called the police.
Officer Hajrudin Ducanovic ("Officer Ducanovic"), a local beat officer, responded to the call and arrived at the bakery. As a beat officer, Officer Ducanovic's responsibilities include patrolling a small geographic area, checking on local businesses, and generally familiarizing himself with the community members. Officer Ducanovic reviewed the surveillance video with Delic and the cashier. The video showed a man wearing all black clothing, a bandana concealing his face, and white shoes with a black puma logo. Officer Ducanovic spoke further with Delic and the cashier and gathered further information. Among the information Officer Ducanovic received was a description of the man's voice. After the conversation, Officer Ducanovic suspected that Esmerovic with whom Officer Ducanovic had previously interacted-was the attempted robber.
Officer Ducanovic and Detective Quntrell Crayton ("Det. Crayton") showed the video and video stills to Esmerovic's mother, who lived around the corner from the bakery. Officer Ducanovic continued to suspect Esmerovic of the attempted robbery after speaking to Esmerovic's mother. Later that same night, Officer Ducanovic and Det. Crayton drove around the neighborhood looking for Esmerovic, but were unable to locate him. Det. Crayton entered a wanted[1] into the police system for Esmerovic.
The next day, Officer Ducanovic was conducting a routine traffic stop when he observed Esmerovic at a car dealership.
*697 Esmerovic was wearing dark clothes and white shoes with a black puma logo, which are common among his neighborhood. Officer Ducanovic believed the shoes Esmerovic was wearing matched the shoes worn by the man in the video. Officer Ducanovic approached Esmerovic. Officer Ducanovic told Esmerovic that he was wanted for questioning, and placed him into custody. Subsequently, Det. Crayton and Detective Martin Garcia ("Det. Garcia") interviewed Esmerovic.
Det. Garcia was informed that the attempted robber had an accent and that Esmerovic matched the attempted robber's body type. During the interview, Det. Garcia noted that Esmerovic spoke with an accent. Esmerovic admitted that he attempted to rob the bakery, but claimed that he used a fake gun during the incident. The State charged Esmerovic with first-degree attempted robbery and armed criminal action.
Before trial, Esmerovic moved to suppress his confession. Esmerovic claimed that his confession was the fruit of the poisonous tree because Officer Ducanovic arrested him solely because of the wanted; thus, his warrantless arrest lacked probable cause. The trial court held a hearing and subsequently denied Esmerovic's motion to suppress.
The case proceeded to a jury trial. The trial court admitted Esmerovic's confession. The jury found Esmerovic guilty of first-degree attempted robbery and not guilty of armed criminal action. The trial court denied Esmerovic's post-trial motions and sentenced him to five years in prison. This appeal follows.
Point on Appeal
In his sole point on appeal, Esmerovic contends that the trial court clearly erred in denying his motion to suppress because his warrantless arrest lacked probable cause, in violation of his Fourth Amendment[2] rights. Esmerovic maintains that his confession was fruit of the poisonous tree and therefore should have been suppressed.
Standard of Review
We will reverse the trial court's denial of a motion to suppress only if the trial court's ruling was clearly erroneous. State v. Cook, 273 S.W.3d 562, 567 (Mo.App.E.D.2008). The trial court's ruling is clearly erroneous if we are "left with a definite and firm belief a mistake was made." Id. (citing State v. Cromer, 186 S.W.3d 333, 341 (Mo.App.W.D.2006) ). We will not reverse the trial court's decision if, in light of the record as a whole, the ruling was plausible "even if we might have weighed the evidence differently." State v. Foster, 392 S.W.3d 576, 578 (Mo.App.S.D.2013). "In reviewing the trial court's ruling on a motion to suppress, the facts and any reasonable inferences arising therefrom are to be viewed in a light most favorable to the ruling of the trial court." State v. Tackett, 12 S.W.3d 332, 336 (Mo.App.W.D.2000) (quoting State v. Carter, 955 S.W.2d 548, 560 (Mo.banc 1997) ). However, whether the Fourth Amendment was ultimately violated is a question of law, which we review de novo. State v. Swartz, 517 S.W.3d 40, 48 (Mo.App.W.D.2017).
Discussion
Esmerovic's charge of error is grounded on his assertion that Officer Ducanovic lacked probable cause to support his warrantless arrest. Thus, Esmerovic posits that his subsequent confession was fruit of the poisonous tree, which must be suppressed. Evidence is fruit of the poisonous *698 tree if it is "discovered and later found to be derivative of a Fourth Amendment violation." Cook, 273 S.W.3d at 573 (quoting State v. Miller, 894 S.W.2d 649, 654 (Mo.banc 1995) ).
The Fourth Amendment guarantees people the right to be free from unreasonable seizures. U.S. Const. amend. IV. Missouri also prohibits unreasonable seizures under Article I, Section 15 of the Missouri Constitution, which is coextensive with the protection guaranteed by the Fourth Amendment. Id. at 569. Whether an arrest is constitutionally valid depends on "whether, at the moment the arrest was made, the officers had probable cause to make it[.]" Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Esmerovic contends that his arrest was based on the wanted entered by Det. Crayton, not probable cause. However, whether the wanted authorized Esmerovic's arrest is of no significance because, absent a warrant, we need only assess whether there was probable cause to support the arrest. State v. Pate, 469 S.W.3d 904, 910 (Mo.App.E.D.2015). Probable cause "requires dealing with probabilities which are not technical but are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." State v. Johnson, 463 S.W.2d 785, 787 (Mo.1971) (per curiam). Probable cause is determined by the facts and circumstances within the arresting officer's knowledge at the time of the arrest, which the officer obtained through "reasonably trustworthy information" and which is sufficient "to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Id.
We recognize that "[t]he requirement of probable cause can never be satisfied with a bare suspicion of guilt." State v. Hicks, 515 S.W.2d 518, 521 (Mo.banc 1974). In Hicks, Hicks was arrested for first-degree murder based on the sergeant's suspicion that Hicks was the prime suspect. Id. Critical to the court's analysis, the sergeant did not reveal the basis for his suspicion. Id. The Supreme Court found that because the record contained no other facts and circumstances providing a nexus between Hicks and the crime, probable cause did not exist. Id.
Here, at his arrest, Esmerovic was wearing dark clothing, as was the man in the surveillance video. Esmerovic was also wearing white shoes with a black puma logo that were the same type of shoes the attempted robber wore in the video. Esmerovic was also the same physical build as the man in the video. And Esmerovic also spoke with an accent as did the man who attempted the robbery. Although white shoes with a black puma logo and dark clothing are common among Esmerovic's neighborhood, Officer Ducanovic had additional information linking Esmerovic to the crime.
Officer Ducanovic watched the surveillance video with the cashier and Delic. The video showed a man who was medium-sized and stocky, resembling Esmerovic's body type. Officer Ducanovic was familiar with Esmerovic before he suspected Esmerovic as the attempted robber. Police officers are "entitled to make an assessment of the situation in light of [their] specialized training and familiarity with the customs of the area's inhabitants." State v. Hawkins, 137 S.W.3d 549, 559 (Mo.App.W.D.2004) (quoting United States v. Arvizu, 534 U.S. 266, 276, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) ). Det. Garcia was informed prior to interviewing Esmerovic that the attempted robber had an accent, and he noted that Esmerovic had an accent during the interview. Officer Ducanovic believed he had reasonably trustworthy information supporting his suspicion of Esmerovic. Although the record lacks the *699 details of the conversation Det. Crayton and Officer Ducanovic had with Esmerovic's mother, the record indicates that Esmerovic remained a suspect after Det. Crayton and Officer Ducanovic talked to Esmerovic's mother and showed her the video and video stills.
Upon a careful review of the record, we hold that the facts and circumstances before us give rise to probable cause for Esmerovic's arrest, beyond a "bare suspicion of guilt." See Hicks, 515 S.W.2d at 521. Although the record suggests that Officer Ducanovic had further information supporting his suspicions of Esmerovic, this information is not detailed. See id. However, even absent detailed knowledge of Officer Ducanovic's investigation, the clothing match and physical similarities between Esmerovic and the attempted robber in the video provided a sufficient basis for probable cause. We are persuaded that a reasonably prudent person possessed sufficient information to have probable cause to believe Esmerovic was the attempted robber at the time of arrest. See Johnson, 463 S.W.2d at 787. Because Officer Ducanovic had probable cause to arrest Esmerovic, the trial court did not clearly err in denying Esmerovic's motion to suppress his confession. Point denied.
Conclusion
The judgment of the trial court is affirmed.
Robert G. Dowd, Jr., P.J., concurs.
Sherri B. Sullivan, J., concurs.

Detective Martin Garcia testified that a wanted is an entry into the police system indicating that an officer or detective needs to question someone. A wanted is different from an arrest warrant because an arrest warrant is a statement of probable cause signed by a neutral judge. State v. Pate, 469 S.W.3d 904, 910 (Mo. App. E.D. 2015).

U.S. Const. amend. IV.