Gaston, Judge.
We are of opinion that, with a single exception, all the objections taken to the charge of the Judge must be overruled. It was not necessary for the mainten-anee of the action that the plaintiff’s dog should be shown have pecuniary value. Dogs belong to that class of domiciled animals which the law recognises as obj ects of property, and whatever it recognises as property, it w.ll protect from invasion by a civil action on the part of the owners. *149 It is not denied that a dog may be of such ferocious disposition or predatory habits as to render him a nuisance to the community, and such a dog if permitted to go at large may be destroyed by any person. But it would be monstrous to require exemption from all fault as a condition of existence, That the plaintiff’s dog on one occasion stole' an egg, and afterwards snapped at the heel of the man who had hotly pursued him flagrant delicto — that on another occasion he barked at the Doctor’s horse, and that he was shrewdly suspected in early life to have worried a sheep — make up a catalogue of offences not very numerous nor of a very heinous ‘ character. If such deflections as these from strict propriety be sufficient to give a dog a bad name and kill him, the entire race of these faithful and useful animals ... . , . ,. . , might be rightfully extirpated.
In that part of the charge which relates to the form of the action, we do not entirely concur with his Honor. We hold with him that if the poison had been directly administered (and the throwing it down to the dog mixed up with food is a direct administration of the poison), either by the defendant or by any other person under his direction, the action of trespass was the proper'remedy. But we do not assent to the position that “ if it were put by the defendant in a place where he knew the dog would pass and get at it,” and the dog afterwards passed by and swallowed the poison, the action of trespass might also be maintained. The distinction between injuries which are the proper subject of an action of trespass and those which are to be redressed by an action on the case, between injuries immediate, and injuries consequential, is sometimes very subtle and attenuated. But the law makes the distinction, and the ministers of the law must follow it out. Acts which are of themselves invasions upon the person or property (in possession) of another, are of the first class, or immediate injuries. Acts which by reason only of subsequent occurrences, occasion an miury to .i ' ^ , J . , the person or property of another, which injury was either foreseen or ought to have been guarded against, are the subject of an action by the party grieved, because of this consequent injury, and come under the second class. One of the most apt as well as ordinary illustrations of the legal *150 distinction is thus stated. If A throw, a log in the highway and it hits B, he may maintain trespass; but if B come a^ong afterwards and fall over it, and thereby receive an injury, the remedy is case. Nor in the instance last put will it make any difference whether at the time .the log was thrown, it was or was not known .that B was shortly there-after to pass along and in all probability would stumble over jt. There are indeed some instances where although the injury be immediate, it may be alleged as a consequence negligence or inattention, and the action on the case be maintained. But we know of none where the injury is entirely an indirect consequence of a previous act, in which it may be complained of as a trespass with force and arms.
imme3 in-6 stances where although belmmectiate, it may be alleged as a consequence of negligence oriuattention, and the action on the case may be maintained. But where the injury is entiiely an indirect consequence of a previous act, it cannot- be complained of as a trespass vi et armis.
For this error we feel ourselves obliged to reverse the judgment rendered below and order a venire de novo.
Per Curiam. Judgment reversed.