PjjaksoN, J.
 

 This was debt for the penalty of fifty dollars, for refusing to kill a dog, which the defendant had good reason to believe was bitten by amad dog. It was in evidence, that the defendant knew that his dog had been bitten by a dog, alleged to be a mad dog.
 

 The judge charged the jury, that unless they were satisfied, that the dog, which bit the defendant’s dog, was a mad dog, the plaintiff was not entitled to a verdict.
 

 To this part of the charge the plaintiff excepts, and we think there was error.
 

 The Statute does not merely require, that a man should kill his dog, if he has good reason to believe him to be mad ; but he is required to kill him, “ if he has good reason to believe that he has been bitten by a mad dog.” The law makers intended to guard, both against positive danger, and the apprehension of danger, such as would be excited in anyneighborhood, where it was known that a dog was permitted to live, that was supposed to have been bitten by a mad dog, or that had been bitten by a dog, supposed to be mad. The Statute uses the words— “ good reason to believe he has been bitten by a mad dog.” This is a compound proposition. It embraces two
 
 *81
 
 facts: one, the dog was bitten ; the other, the biting dog was mad. We think the words, “good reason to believe,” apply to both facts. If a man knows that a dog is mad, and has good reason to believe that this dog has bitten his dog, then he has good reason to believe, that his dog has been bitten by a mad dog. So, if a man knows that his dog has been bitten by a dog, which dog, he has good reason to believe, was mad, then he has good reason to believe that his dog was bitten by a mad dog. How it would be, if both facts, embraced in the proposition, were left uncertain, that is, if the defendant had good reason to believe that his dog was bitten, and had good reason to believe that the dog whieh bit him was mad, we are not called on in this case to decide, for here the fact of the biting is admitted, and the only question was, whether the defendant’s having good reason to belieye that the biting dog to be mad was sufficient, or whether it must be proved that he was actually mad. We think one of the two facts being established, and a good reason to be* lieve the other tobe true, is sufficient to fall within the words and meaning of the Statute.
 

 Pee Curiam.
 

 Judgment and
 
 venire de
 
 novo„