Ruffin, C. J.
 

 We doubt not that a dog may be a nui^ sanee, so as to authorise any person to kill him, as if he^. be mad and at large ; for, in such a state, he is no longer
 
 mansuetae natural,
 
 and the consequences of a bite from time to time, to either man or beast, may be so dreadful and so general, as to justify his destruction as soon as possible. But dogs are in many respects useful, and, with many persons, favorite animals ; and we are not aware, that fierceness, merely, and attempts to bite, or even the actual biting of one or more persons, have éver been held to empower another person, at a different time, to kill them, and especially to go to the owner’s yard .for that purpose. As a watch dog, his value is constituted by his being sharp and dauntless; and therefore it would seem those properties cannot, in themselves, convert him into a nuisance. Hence, the evidence rejected was irre» levant. If, indeed, the defendant had been bitten by the dog, it might have been proper to shew the savageness of the brute, and to insist, that the owner, if he had knowledge of his worrying people, ought to have confined him, so that he could not set «>’ people passing, or bite a person lawfully going to the owner’s house ; and to that purpose his luting twice or even onee has been held sufficient to make the owner liable, if he did not kill or confine the dog. Bul. N. P. 76,
 
 Smith
 
 v.
 
 Pelah,
 
 St. 1264. But here the question, as to that point, is entirely different; that is, whether a person can kill a dog in the owner’s house or^ yard, upon the pretence, that he is a nuisance, because he had at a former period chased or bitten some one else ;
 
 *262
 
 and we hold, that he cannot. Then, as to the second plea, the instructions appear to the Court to be unexceptionable. A person is not bound to stand quietly and be bitten by a dog, nor to give him what might be called a fair fight among men. But if a fierce and vicious dog be allowed to go at large, and he runs at a person, as he lawfully goes to a house, or is passing along the road, apparently to set on the person, or, for example, on the horse he is riding, it seems but reasonable the person should protect himself from the injury of a bite to himself or his horse, by killing the dog; for, although a man has a right to keep a dog for the protection of his house and yard, yet he ought to keep him secured, and not let him loose and uncontrolled at such hours and in such places, as will endanger peaceable and honest people engaged in their lawful business. If therefore this dog were one of the kind supposed and the defendant had shot him, as he came at him, and when he had reasonable grounds to think, that the dog could not be restrained by the owner or his family, and would bite him, we should hold, that he did no more than he had a right to do But when the r-.'¡•.-Intiff's family were at home, and, by their immediate iCNr-m-mc and commands and punishment, governed •*»& Ng ív :,rv.-.y the dog, so as not only to prevent him from --.t:*'!,:' „tfc® JcAmJ-Mit at that time, but also to save the defendant, *r< -r.-. í»oa¿<r- the*», by driving the dog away, the killing oi
 
 lía
 
 -•-:>>< *- ■!, ¿ • -r against the urgent entreaties of the family, f.c»''.cl ht-ver-i!y on the pretence, and not on the reality,
 
 ol
 
 f ,
 
 i:,-,
 
 ¡j. , fendant from an attack at that time, and the ces were properly left to the jury, as evidence on wh¡. they might find, that the defendant did not act on the defensive.
 

 Per Curiar
 

 Judgment affirmedi-