V. BEASLEY v. O. C. BYRUM.

(Filed 10 September, 1913.)

**Forcible Trespass—Killing of Dog—Damages.**

It is forcible trespass for one to enter the premises of another, armed with a shotgun, and unnecessarily shoot and kill the dog of the latter while it was tied to the piazza of his home, in the presence of his wife and against her protest, and damages may be recovered in the suit by the man and his wife for the injury thereby caused to the wife owing to her age and her affliction with heart disease. In this case there was no evidence to bring it within the purview of Revisal, sec. 3305, relating to the killing of mad dogs.

APPEAL by plaintiff from *Long, J.,* at February Special Term, 1913, of CHOWAN.

Civil action tried upon these issues:

1. Did defendant Byrum wrongfully and unlawfully enter on the premises of the plaintiffs and trespass, as alleged in complaint? Answer: No.

2. What damages, if any, is plaintiff entitled to recover on account of said alleged trespass? Answer: ........

The plaintiffs appealed.

*E. F. Aydlett and Bond & Bond for plaintiffs.*

*Pruden & Pruden, S. Brown Shepherd, and W. S. Privott for defendant.*

BROWN, J. The plaintiffs requested the court to charge the jury that if the evidence is believed, to answer the first issue "Yes." To the refusal to so charge, plaintiffs excepted and duly assigned error.

We think that upon the evidence as presented the prayer should have been given.

The action is brought to recover damages for a forcible and high-handed invasion of plaintiffs' home. The evidence, if believed, establishes a forcible trespass, an indictable offense.

The defendant entered upon plaintiffs' premises armed with a shotgun, and shot and killed the plaintiffs' dog when chained to the piazza and in the wife's presence and against her protest. She offered evidence tending to prove that she was old, afflicted with heart disease, and that the alarm and shock caused by defendant's conduct had caused her great suffering.

There is no evidence in the record that the dog was a mad dog or had been bitten by one, within the purview of section 3305 of Revisal, and there is no evidence that his immediate destruction was necessary. 2 Cyc., 416. If such was the case, the owner could be compelled to destroy the dog, or subject himself to the possibility of fine and imprisonment, and under such conditions the dog could be destroyed by order of the justice issuing the warrant under said section.

The dog at the time was safely chained up, and for the defendant to enter the home of plaintiffs with a shotgun and kill

the dog almost at the wife's feet is not only a trespass, but well calculated to bring on very serious consequences. *Perry v. Phipps,* 32 N. C., 259; *Wallace v. Douglass,* 32 N. C., 79.

New trial.