MAY F. JONES v. MRS. ROBERT J. CRADDOCK.

(Filed 23 September, 1936.)

**1. Appeal and Error J d——**

Upon appeal from judgment granting defendant's motion to nonsuit, the Supreme Court will examine the evidence to determine whether it was of sufficient probative force to be submitted to the jury, considering the evidence in the light most favorable to plaintiff.

2. **Animals A a—**

Dogs constitute a species of property, and the owner may maintain an action for the negligent injury of his dog, the right of action existing when the injury is caused by the negligent operation of an automobile as well as when it results from other forms of negligence.

3. **Automobiles C f—**

The driver of an automobile may not escape liability for the injury to a dog in the street by relying exclusively upon the dog's ability, through agility and celerity, to avoid being struck, but the rule of the reasonably prudent man under the circumstances will be applied.

4. **Automobiles G m—Evidence held sufficient to overrule nonsuit in this action to recover for driver's negligent injury to plaintiff's dog.**

Evidence that plaintiff's dog was standing in the street about seven feet from the curb and was attentive to and had started to move toward his mistress who was standing on the sidewalk and had attracted his attention and caused him to stop as he was crossing the street by yelling a warning to the driver of an on-coming car, that the driver of the car was then two hundred feet away and could have easily observed the situation, that the street was broad and free of traffic, but that the driver of the car, without slackening speed or turning to the left to avoid hitting the dog, ran over and killed the dog near the right curb, is held sufficient to be submitted to the jury on the issue of the driver's negligence, and not to show contributory negligence as a matter of law on the part of the owner of the dog.

5. **Same—**

Conflicting evidence as to the identity of defendant as the driver of the car inflicting the negligent injury in suit raises a question for the jury.

APPEAL by plaintiff from *McElroy, J.,* at April Term, 1936, of BUNCOMBE. Reversed.

Action for damages for the death of a valuable dog alleged to have been caused by the negligence of the defendant in the operation of an automobile on a street in the city of Asheville, N. C. At the close of plaintiff's evidence defendant's motion for judgment as of nonsuit was sustained, and from judgment dismissing the action plaintiff appealed.

*J. Y. Jordan, Jr., for plaintiff.*
*Harkins, Van Winkle & Walton for defendant.*

DEVIN, J. The only question presented by this appeal is whether the court below erred in granting the motion for nonsuit. It therefore becomes necessary to examine the evidence presented in support of plaintiff's action in order to determine whether it was of sufficient probative force to be submitted to the jury. On this motion the evidence is to be considered in its most favorable light for the plaintiff. *Teseneer v. Mills Co.,* 209 N. C., 615.

The plaintiff offered evidence tending to show that she was the owner of a registered pedigreed Sealyham Terrier dog, answering to the name of "Jimmy Whiskers." That on 16 August, 1934, about noon, the dog, with leash attached, escaped from plaintiff's house and ran into the street, the plaintiff and her sister pursuing and calling the dog. There was no traffic on the street. Plaintiff's car was parked against the curb in front of her house. When the plaintiff reached the edge of the side-walk she saw the defendant's car coming from the south, making a roaring sound, and the dog, six feet out in the street, barked at the on-coming car. Plaintiff yelled, "Stop that car, you will kill my dog," defendant's car being then two hundred feet away. At the sound of her voice the dog ceased to bark, turned toward his mistress and started in her direction. The dog was then six feet and nine inches from the curb. The street at that point was forty-three feet wide and straight. The defendant, without slackening speed or swerving or making any change in her direction, drove over and killed the dog. Defendant's car barely missed plaintiff's car parked against the curb. Plaintiff testified: "The defendant's car made no effort to stop, or to swerve to the west and avoid striking my dog. I saw no indication that any brakes were applied in an endeavor to stop or swerve to the west and avoid striking my dog. At the time that I first screamed, when defendant's car was at the place I have indicated, there was ample room, and ample opportunity on Montford Avenue where the accident happened, for defendant's car to have swerved and avoided striking my dog. At that point Montford Avenue is forty-three feet wide from curb to curb."

While from the earliest times dogs have been the companions of man, for a long period their legal status was of low degree, and it was for-merly held they were not property, and hence not the subjects of larceny. But in more recent times this ancient doctrine has given place to the modern view that ordinarily dogs constitute species of property, subject to all the incidents of chattels and valuable domestic animals. Cruelty to a dog is an indictable offense. It is now well settled that an action for negligent injury to a dog is maintainable. 2 A. J., 761-766; *Dodson v. Mock,* 20 N. C., 146; *Perry v. Phipps,* 32 N. C., 259; *Mowery v. Salisbury,* 82 N. C., 175; *State v. Smith,* 156 N. C., 628; *Scott v. Oates,* 175 N. C., 336; *Wilcox v. Butt's Drug Stores,* 94 A. L. R., 726 (N. M.); *Citizens Rapid-Transit Co. v. Dew,* 40 L. R. A. (Tenn.), 518; *R. R. v. Woolfolk,* 10 L. R. A. (N. S.), 1136 (Ga.).

Even in the days of Blackstone, while it was declared that property in a dog was "base property," it was nevertheless asserted that such prop-erty was sufficient to maintain a civil action for its loss. 4 Bl. Com., 236.

JONES *v.* CRADDOCK.

This is the first instance in which this Court has been called upon to consider an action for negligent injury to a dog when it has been run over and killed by an automobile in the street, but the established principle is the same as in other actions for negligent injuries to dogs, and has been so applied in other states, notably in *Sanders v. Hayes,* 128 S. C., 181; *Flowerree v. Thornberry,* 183 S. W. (Mo.), 359; *Wallace v. Waterhouse,* 86 Conn., 546; 42 C. J., 1063; *Lacker v. Strauss,* 226 Mass., 579; *Denny v. Randall,* 202 S. W. (Mo.), 602.

In *Sanders v. Hayes, supra,* it was urged that no liability should attach for the reason that the driver of an automobile has a right to presume that the dog, being possessed of agility and celerity, will take care of himself and get out of the way, but that Court held that "the motorist's liability for negligence in those circumstances is tested by the application of the standard of due care, untrammeled by presumptions of any kind. (*King v. Holliday,* 116 S. C., 463.) In the application of that standard the extent to which the driver of a motor vehicle in a street or highway may safely rely upon the intelligence and agility of a dog to avoid a collision is a matter for the consideration of the triers of fact."

Here the plaintiff's evidence, taken in its most favorable light, tended to show that the dog had stopped in the street about six feet and nine inches from the curb, and was attentive to and moving toward his mistress, who was on the sidewalk; that this was easily observable by the driver of the on-coming car for a distance of two hundred feet; that a very slight turn to the left in a broad street, free from traffic, or the application of brakes, would have avoided the injury, but that instead of doing so, the defendant drove the car without swerving or slackening speed, and ran over and killed the dog. There was evidence that the dog was of substantial market value. The contention that the plaintiff was guilty of contributory negligence on her own statement is untenable on this record. Plaintiff's evidence was sufficient to require its submission to the jury.

It is proper to say that the defendant contends it was not her car that ran over the dog, but that of another, and that she was in no wise negligent. Plaintiff, however, testifies defendant admitted at the time that she killed the dog. This will be a matter for the jury.

In *Strong v. Georgia Ry. & Elec. Co.,* 118 Ga., 515, will be found an interesting tribute to the dog, and a delineation of his legal history, showing how "the dog has figured in mythology, history, poetry, fiction, and art from the earliest times to the present."

The life of "Jimmy Whiskers" was crushed out beneath the wheels of defendant's automobile, so plaintiff contends. She complains that her

property has been destroyed by the failure of the defendant to exercise ordinary care to avoid the injury, and she asks compensation therefor. She is entitled on the evidence shown by the record to have her case submitted to a jury under appropriate instructions.

There was error in granting the motion for nonsuit.

Reversed.