STATE of Missouri, (Plaintiff) Respondent,

v.

Harold Ralph KUEVER, (Defendant) Appellant.

No. 31141.

St. Louis Court of Appeals.

Missouri.

Dec. 18, 1962.

McClintock & Medley, E. L. McClintock, Jr., Flat River, for appellant.

Raymond R. Roberts, Jr., Pros. Atty., Charles G. Hyler, Asst. Pros. Atty., Farmington, for respondent.

WOLFE, Judge.

The defendant-appellant was convicted of careless and imprudent driving in the Circuit Court of St. Francois County. His punishment was assessed at a fine of $200.-00. After verdict and judgment he filed his motion for a new trial. Upon this motion being overruled, he appealed in due time to this court.

The evidence on behalf of the State consisted of the testimony of two State highway troopers. They were driving a highway patrol car southwardly on Highway 67 in St. Francois County on July 3, 1960. It was 6:30 p. m., the weather was clear, and it was daylight. As the patrol car came to the crest of the hill, the car in front of them swerved to the right and its brake lights came on. The swerve was made to avoid the car of the defendant, which was traveling northwardly up the hill on the wrong side of the highway.

The highway in the vicinity of the defendant's travel is marked with a yellow line to indicate a no-passing zone, and this line is about 600 feet long. The troopers observed the defendant on the wrong side of this line going uphill and passing traffic for a distance of 400 feet before swinging his car back into its proper lane of travel. They turned their patrol car about, and pursuing the defendant made his arrest.

The defendant testified that he was traveling northwardly and was passed by a car. He said that after the car passed him, it slowed down in front of him. He did not like the manner in which the car in front was being operated, so he decided to pass it. He said that as he tried to pass it the car speeded up, and as there were cars ahead of it, he had to pass the line of cars before he could get back into the right lane. He said that he saw no yellow line on the highway. Upon cross-examination of the defendant he testified that he had three prior traffic violations. This testimony went in without objection.

A friend of the defendant had been driving behind him. The friend testified that the defendant started to pass the car in front of them at a point before they reached the hill, but that the car he sought to pass speeded up, and the defendant passed the line of northbound traffic ahead.

■ We are not favored with a brief by the appellant, so we look to his motion for a new trial and consider such assignments which are sufficient to present matters for review. We also examine the record to assure ourselves that the essentials of a fair trial were accorded. Rules 27.20 and 28.02, V.A.M.R.; State v. Richardson, Mo.Sup., 343 S.W.2d 51; State v. Bryant, Mo.Sup., 319 S.W.2d 635; State v. Richardson, Mo.Sup., 315 S.W.2d 139.

The defendant raises some objection to the charge against him, but it appears to be in due form upon the suggested uniform traffic ticket set out in Supreme Court Rule 37.1162, V.A.M.R., and it charges the defendant with careless and imprudent driving.

The only other points raised in the motion which are sufficiently set out to preserve any matters for review go to the argument of the prosecutor.

■■ The same jury that sat in this case had previously tried and convicted another defendant charged with burglary. The prosecutor drew a comparison between the charge of burglary and the charge against the defendant herein. It is asserted that this was prejudicial error. While it is true that a prosecutor should confine his argument to the facts at hand, he is allowed considerable latitude in seeking to impress the jury with the seriousness of the offense for which the defendant is standing trial. We do not find the argument erroneous. State v. Feltrop, Mo.Sup., 343 S.W.2d 36; State v. Cox, Mo.Sup., 352 S.W.2d 665.

■ The other complaint about the argument relates to the prosecutor's comments about the prior convictions. These comments were directed to the credibility of the defendant. Prior convictions, as stated, were admitted without objection, and the defendant was at all times represented by counsel. Prior convictions for misdemeanors may be inquired into on cross-examination of a defendant to effect his credibility. Section 491.050 RSMo 1949, V.A.M.S.; State v. Cox, Mo.Sup., 333 S.

W.2d 25; Hoover v. Denton, Mo.Sup., 335 S.W.2d 46.

·Since such evidence is properly received, it may certainly be commented upon by the prosecutor, as it relates to the limited purpose for which it is received. The remarks appear to be within those limits, and we hold that the assignment is without merit. We have examined the record and find that all of the essential steps were taken; and it appears to be without error.

The judgment is therefore affirmed.

ANDERSON, P. J., and RUDDY, J., concur.