410 P.2d 687

**STATE of Arizona, Appellee,**

v.

**Wilton Shelton RANDLE, Appellant.**

**No. 1 CA–CR 47.**

Court of Appeals of Arizona.

Feb. 11, 1966.

Darrell F. Smith, Atty. Gen., Phoenix, by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Lester S. Hoyle, Phoenix, for appellant.

CAMERON, Judge.

This is an appeal from a conviction and judgment of guilty of the crime of grand theft. The sole question before this Court is whether the evidence of the value of the articles stolen is sufficient to sustain a conviction for grand theft as opposed to petty theft.

The defendant was charged in a one count information with the theft of three $37\frac{1}{2}$ K.V.A. transformers weighing between 500 and 600 pounds each. The defendant waived a jury, trial was held before the court, and defendant was found and adjudged guilty and sentenced to serve a term of not less than two nor more than three years in the Arizona State Prison.

On appeal we are concerned only with the testimony as to the value of the three transformers. 13–663 A.R.S., reads in part as follows:

"'Grand theft' is: 1. Theft of money, labor or property of the value of more than one hundred dollars."

The testimony of the Deputy Manager for Arizona Public Service Company, the owner of the transformers, indicated that the original cost to the company of the three transformers in 1948 was the amount of $388.80 each or a total of $1,166.40. In response to questions concerning the present cost, the following transpired:

"Question: Have you had occasion to check what the present cost is to the company of replacing these items?

"Answer: I have.

"Question: What is that?

"Answer: $356.00."

The testimony is not clear whether the witness intended $356.00 for each transformer or $356.00 for all three transformers.

Appellant contends that the evidence is not sufficient as a matter of law to establish the fair market value of goods stolen as being in excess of the statutory $100.00. It is true that to raise petty theft to grand theft the burden is upon the state to show that the fair market value of the stolen property is in excess of the statutory amount, in this case $100.00. The evidence of other values, however, is not inadmissible to enable the trier of fact to determine the fair market value. As was stated recently:

"The testimony * * * was admissible for the purpose of ascertaining the fair market value of the stolen property in order to grade the offense, i. e., to establish grand larceny as distinguished from petty larceny. Fair market value does not depend solely on wholesale or cost price. Evidence of retail price of stolen goods is admissible to show the value of the goods.

(Citations omitted.) The wholesale and retail prices, established by experts if necessary, may fix the range within which the jury may find fair market value." State v. Sorrell, 95 Ariz. 220, at 224, 388 P.2d 429, at 431 (1964).

In this case, ·by the very nature of the articles stolen, there is no absolute standard by which the market value may be determined. Evidence tending to show present value of the items may be admitted. In other jurisdictions, it has been held that in the absence of being able to determine the fair market value then the replacement value will be accepted as the test. In a Kentucky case concerning the theft of 766 feet of insulated wire used in a block signal system upon a railroad, the court stated:

"For the purposes of a grand larceny prosecution the value of the stolen property is not the original cost nor the sale price for junk, but evidence of such cost or price is admissible as tending to establish the value. (Citations omitted.) The true criterion is the fair market value of the property at the time and place it was stolen, if there be such a standard market; if not, the value must be arrived at from the facts and circumstances and the· uses and purposes for which the article was intended to serve. (Citations omitted.) In other jurisdictions evidence of replacement cost has been held admissible in the absence of an established market value." Beasley v. Commonwealth, Ky., 339 S.W.2d 179, at 181 (1960).

And also:

"In proving value of stolen property, the test is the reasonable cash market value of the property at the time. If the property has no cash market value, then its replacement value is the test." Clark v. State, 149 Tex.Cr. App. 537, 197 S.W.2d 111, at 114 (1946).

The testimony concerning the original cost to Arizona Public Service of the three items, and the testimony concerning replacement value at the time of the theft is sufficient from which the trier of fact could find that the value of the goods stolen was in excess of $100.00, thereby supporting a conviction and judgment of the crime of grand theft as opposed to petty theft.

Judgment is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.