**STATE of Missouri, Plaintiff-Respondent,**

v.

**Edward James MATZKER, Defendant-Appellant.**

**No. 34642.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 18, 1973.

David J. Fingerhut, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Cir. Atty., J. Paul Allred, Asst. Cir. Atty., St. Louis, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, Stanley M. Rea, Jr., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Appellant appeals from a conviction of stealing over $50.00 contrary to Section 560.156 R.S.Mo. The sentence imposed by the trial judge was two years. The charge arises from the theft of a coin telephone and its contents from the wall of a building in which the appellant worked.

■ Appellant's brief is deficient and defective in that it fails to contain a jurisdictional statement; the statement of facts is argumentative; there are no "Points Relied On" or any authorities therefor. The brief is therefore lacking in the requirements of Rule 84.04(a), (b), (c) and (d),

V.A.M.R., and Rule 28.18 V.A.M.R. Consequently nothing has been preserved for review. State v. Rush, 495 S.W.2d 714 (Mo.App.1973). However, rather than dispose of the case on the basis of the defective brief, we shall consider all points raised in the motion for new trial and the abstract statements designated as "Issues Presented" discussed in appellant's brief.

Appellant was the manager of two pizza parlors in South St. Louis. Raymond Hudson, who worked for appellant at one of the pizza parlors, testified that appellant had torn the coin telephone belonging to Southwestern Bell Telephone Co., Inc., from the wall at one of the pizza parlors and with Hudson had transported it to the other pizza parlor where appellant broke into the telephone and removed the coins. Hudson observed that approximately $48.00 in change was taken from the telephone and kept by the appellant. Hudson reported the incident to the police who arrested appellant. Appellant denied any involvement in the theft of the telephone or its contents.

Employees for Southwestern Bell Telephone Company testified that although the type of telephone which had been removed from the wall and stolen was no longer being purchased for replacement purposes the records of the company reflected that the telephone which had been taken had a book value of $150.33 on June 3, 1971, the date of its taking.

At the trial, the court, over the objection of appellant's counsel, permitted the prosecuting attorney to make inquiry of the appellant whether he had ever been convicted of a crime. After initially denying any prior conviction record, appellant admitted that he had been convicted of stealing under $50.00 fourteen years prior to the date of trial. The prosecuting attorney did not inquire into the details of the prior conviction.

In his closing argument to the jury, the prosecuting attorney, in commenting on the instructions given, stated that if the jury made a finding of guilt but could not agree on the punishment, the trial judge, who had experience in such matters, would assess the punishment. The jury after finding defendant guilty could not agree on the matter of punishment, and the trial court imposed a two year sentence.

The following points were raised in the motion for a new trial and are also discussed in the appellant's brief as grounds of error in the trial: 1) that the court should not have permitted the state to cross-examine defendant about a prior conviction for stealing under $50.00, as it had no probative value in impeaching the credibility of defendant and was too remote for consideration; 2) the court failed to instruct the jury on a lesser and included charge of stealing under $50.00; 3) that it was error to allow the prosecutor to argue to the jury that the experienced trial judge would make the decision regarding punishment in the event the jury found the defendant guilty, but could not agree on the punishment; 4) that it was error to allow evidence of witnesses from Southwestern Bell Telephone Company regarding the value of the telephone at the time it was taken from the place where it was affixed; 5) that an instruction should have been given to the jury that uncorroborated testimony of an accomplice should be considered with great caution and that limited consideration should be given to appellant's prior conviction.

None of the points raised in the motion for a new trial or discussed in appellant's brief has merit. The showing of prior convictions is proper to attack the credibility of a witness, particularly where the defendant has denied any prior conviction. Section 491.050 R.S.Mo.; State v. McClain, 404 S.W.2d 186 (Mo.1966), cert. denied 385 U.S. 1016, 87 S.Ct. 732, 17 L. Ed.2d 552 (1966); State v. Byrth, 395 S. W.2d 133 (Mo.1965). It is also proper to make inquiry, for purposes of credibility, about prior convictions for misdemeanors. State v. McKissic, 358 S.W.2d 1 (Mo.

1962); State v. Kuever, 363 S.W.2d 31 (Mo.App.1962). The prosecuting attorney did not go into the details of the prior conviction other than to establish that there had been a prior conviction, and the limited examination was proper. State v. Kuever, *supra*.

■ The only evidence in this case relating to the value of the property stolen was that it exceeded $50.00. An instruction on stealing less than $50.00 was therefore not required. State v. Burrage, 418 S.W.2d 101 (Mo.1967).

■ The prosecuting attorney in suggesting to the jury that the court had experience in assessing punishment was merely referring to an instruction which had been given which stated that if the jury had agreed on guilt but not on punishment, they could return a verdict on guilt and allow the court to assess punishment. Counsel may argue such an instruction in closing argument so long as the remarks adhere to the terms of the instruction and there is no attempt to persuade the jurors to shirk the duty regarding assessment of punishment after they have determined guilt. State v. Daugherty, 484 S.W.2d 236 (Mo.1972); State v. Brown, 443 S.W.2d 805 (Mo. banc 1969). The remarks were not improper.

■ The court did not err in permitting testimony by employees of Southwestern Bell Telephone Co., Inc., regarding the value of the telephone which was taken and removed, even though the type of telephone which was taken was no longer being purchased for replacement purposes by the telephone company. The question of the value of stolen articles is a matter for jury consideration, and the owner's testimony regarding the value of goods is suf-ficient evidence of value to support a jury conviction of stealing over $50.00. State v. Burrage, *supra*; State v. Walker, 365 S.W.2d 597 (Mo.1963). Where, as in this case, the stolen property has a unique or restricted use and extremely limited market value, evidence as to the actual value to the owner or replacement value of the property as expressed by persons familiar with the property and its contents is competent to aid the jury in establishing the true value of the property.[1]

■ Due to the unusual nature of the telephone and the fact that the average juror would not ordinarily be cognizant of its value, it was proper to allow evidence as to the value of the telephone based on records kept in the ordinary course of business and testimony of the witnesses who had familiarity with its value. It was proper to allow evidence establishing the value of the telephone by testimony as to its cost and the amount of loss to the owner. There was evidence to the effect that the value of the telephone in June 1971 was $150.33, and the company's loss would also be $150.33. There was also evidence that the manufacturer of the telephone, Western Electric Company, would pay $150.00 for the telephone on its replacement or return, thus establishing a market value. Therefore, there was sufficient evidence to warrant a jury conviction of stealing over $50.00.

■ The court did not err in failing to instruct the jury that the uncorroborated testimony of an accomplice should be considered with great caution and that limited consideration should be given to appellant's former conviction. A conviction may be sustained on the uncorroborated testimony of an accomplice. State v. Strong, 484 S.W.2d 657 (Mo.1972). And an instruction

1. State v. McCarthy, 336 S.W.2d 411 (Mo. 1960); State v. Randle, 2 Ariz.App. 569, 410 P.2d 687 (1966); People v. Renfro, 250 Cal. App.2d 921, 58 Cal.Rptr. 832 (1967); State v. Hardesty, 261 Iowa 382, 153 N.W.2d 464 (1967); State v. Day, 293 A.2d 331 (Me. 1972); Cleveland v. State, 85 Nev. 635, 461 P.2d 408 (1969); State v. Tolliver, 5 Wash. App. 321, 487 P.2d 264 (1971); see also discussion in 52A C.J.S. Larceny § 118.

concerning the effect and weight to be given the testimony of an accomplice is a collateral issue and not required to be given by the trial court in the absence of a request therefor. State v. Crow, 465 S.W.2d 478 (Mo.1971), cert. denied 404 U.S. 847, 92 S.Ct. 152, 30 L.Ed.2d 85 (1971); State v. Deiter, 446 S.W.2d 609 (Mo.1969). Also, where the trial court is not requested to do so, it is not required to instruct the jury as to any limited consideration to be given to prior convictions. State v. Wing, 455 S.W.2d 457 (Mo.1970), cert. denied 400 U.S. 1009, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971). No such instructions were requested in this case, and the trial court was therefore not required to give them. Rule 26.02 V.A.M.R.

We have examined the record as required by Rule 28.02 V.A.M.R. and find no error.

The judgment is affirmed.

SMITH, P. J., and SIMEONE and KELLY, JJ., concur.