STATE of Missouri, Respondent,

v.

Henry William BREWER, Appellant.

No. KCD 28615.

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Jon M. Krebbs, Asst. Public Defender, Liberty, for appellant.

John C. Danforth, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WEL-BORN and HIGGINS, Special Judges.

ANDREW J. HIGGINS, Special Judge.

Appeal from convictions by a jury of burglary, second degree, of a drugstore, and stealing. §§ 560.070, 560.110, RSMo 1969. Appellant questions the sufficiency of evidence to support the conviction for stealing, and charges the court with error in connection with the State's cross-examination of defendant with respect to prior convictions. Affirmed.

The information charged that Henry William Brewer, on or about August 7, 1975, in Clay County, Missouri, did feloniously and burglariously break and enter Northland Pharmacy Company owned by Raphael J. Wendling, and did steal one Timex man's wristwatch, two Timex ladies' wristwatches, and $84.15 in coins and currency.

Appellant tacitly concedes the sufficiency of evidence to support his conviction for the burglary. The evidence shows: that around 1:30 a. m., August 7, 1975, Police Officer Larry Seaman, pursuant to a burglary alarm call, went to Northland Pharmacy, 8329 North Oak, Kansas City, Clay County, Missouri, where he noticed a large hole broken in the glass in the lower half of the otherwise locked front door, and saw defendant crouched down behind a counter inside the store. Such was sufficient to support the jury's verdict on the burglary charge. *State v. Hawkins,* 491 S.W.2d 342, 343[2] (Mo.1973).

Appellant contends that the State failed to prove that the watches and money were the property of the Northland Pharmacy, "and therefore, the State failed to meet the burden of proof on the charge of stealing," and he should be discharged on that offense. His argument is that Mr. Wendling could not identify the watches or the money and, therefore, proof of the stealing charge failed.

Appellant's argument overlooks other evidence which, together with the testimony of Mr. Wendling, all considered favorably to the verdict, *State v. Reed,* 453 S.W.2d 946, 949 (Mo.1970), supports the charge of stealing in connection with the burglary.

Mr. Wendling arrived at his drugstore at about the same time as did Officer Seaman. When he entered his store, he found a Timex watch display case lying face down on the floor with the "doors" broken out of it, and three individual watch cases lying empty on the floor. All the watches in the case had belonged to him. He estimated that between sixty and seventy dollars was missing from the drawer of his cash register. He candidly conceded with respect to the three Timex watches in evidence that he could "only identify them as watches. I can't say that those were exactly the same watches because every drugstore * * * sells watches of this caliber." He made a similar concession with respect to identity of the currency in evidence.

Officer Seaman found defendant in the pharmacy "still behind the counter. I proceeded to the front door where the window was broken out. I identified myself as a police officer and told the defendant to come out with his hands up. At this time the defendant who had crouched down behind the counter got back up and he was doing something with his hands, * * * like he was maybe digging through his pockets * * * and a few seconds later he started walking towards the front door." The area in which Officer Seaman first observed defendant was behind the cash register. The broken Timex watch display was lying "in the aisle behind the counter right next to the cash register." Officer Seaman arrested defendant and placed him in his patrol car, at which time he observed "a large wad of money in his right hand" which defendant placed in his pocket. Search of the defendant's person also revealed a Timex watch on defendant's upper arm hidden under the sleeve of his T-shirt, and a watch in each of defendant's socks in his shoes under the arches of his feet.

Police Officer Christopher Sager was present also at the recovery of three Timex watches and also observed $74.15 in currency and change taken from defendant. While these items were being inventoried, defendant pointed to a particular ten dollar bill with inked-in numbers, and claimed it as his own.

From the foregoing, a jury reasonably could find that defendant not only broke and entered the Northland Pharmacy with intent to steal, but that he also at the same time did steal three watches and some currency. The stealing is supported by the evidence that he was found crouched behind the counter where the cash register and watch display were located and from which money and watches were missing, and, when searched, was found to have three watches concealed on his person and $64.15 in excess of that claimed as his own in his possession. *State v. Caffey,* 404 S.W.2d 171 (Mo.1966).

The following occurred during the cross-examination of defendant:

"Q [by Mr. Murphy for the State] Sir, were you ever convicted of making a false

report to the police officer about a car theft? Yes, sir. * * * Q You say you've not been convicted of any other offense? A No felonies. Q No felony. What other crimes have you been convicted of?   .

"MR. KREBBS [for the defendant]: I object to that, Your Honor, as improper cross-examination. THE COURT: Overruled.

"THE WITNESS: What other? Q (By Mr. Murphy) Other than the false report? * * *

"(Thereupon, the following proceedings were had out of hearing of the jury):

"MR. KREBBS: Your Honor, I don't think that my client is aware of the definition of what a crime is or can be elicited on cross-examination. Before he is permitted or allowed or ordered to answer the state should define what a crime is, whether it's a misdemeanor, ordinance violation or what. Therefore, I renew my objection to 'Have you ever been convicted of a crime?' THE COURT: Overruled. * * *

"Q (By Mr. Murphy) Sir, have you been convicted of any other crimes? A Your Honor, may I ask a question? THE COURT: Do you know what a crime is? THE WITNESS: Yes, sir. THE COURT: All right. THE WITNESS: Could I ask you a question? THE COURT: All right. THE WITNESS: Could, could I answer those, could I also tell what the reason I was convicted of those if he's going to bring them in that way? THE COURT: Not right now, sir, just please answer the question. THE WITNESS: All right. THE COURT: If you know, you say you know what a crime is? THE WITNESS: Yes. THE COURT: All right.

"Q (By Mr. Murphy) Now what other crimes have you been convicted of? A Well, for petty larceny, and for mostly drinking—THE COURT: And for what? THE WITNESS: —and drunk driving. THE COURT: And for what? THE WITNESS: Drinking and drunk driving."

Appellant charges the court erred in overruling defendant's objection "as to what crimes he had been convicted when defendant did not know the distinction between an ordinance violation, misdemeanor, or felony."

Under Sections 491.050 and 546.260, RSMo 1969, the State has the right to show prior convictions and their nature for the purpose of impeachment. *State v. Busby,* 486 S.W.2d 501, 503 (Mo.1972). Violations of municipal ordinances do not constitute criminal offenses for purposes of impeachment, *Commerford v. Kreitler,* 462 S.W.2d 726, 733 (Mo.1971); and questions must not be so broad as to include such convictions, *Kansas City v. Roberts,* 411 S.W.2d 847, 850 (Mo.App.1967); however, prior misdemeanor convictions as well as felony convictions may be shown, *State v. Matzker,* 500 S.W.2d 54, 56 (Mo.App.1973).

Defendant Brewer acknowledged that he knew what a crime was prior to answering the State's inquiry, after which he admitted convictions "for petty larceny * * * drinking and drunk driving," both of which are crimes within the meaning of Section 491.050 and 546.260, supra, in Missouri. See Sections 560.161 and 564.440, RSMo 1969. In their context in this case, their admission was not error. *State v. Matzker,* supra.

Judgment affirmed.

All concur.