STATE OF NORTH CAROLINA v. GEORGE ANTHONY MORRIS

No. 245A86

(Filed 18 November 1986)

Larceny § 7.2— value of stolen property—refusal to submit verdict of misdemeanor larceny—error

The trial court erred in refusing to submit a possible verdict of misdemeanor larceny to the jury where the only evidence concerning the value of the stolen articles was the owner's estimate of replacement cost for the used tools; the jury could have inferred that fair market value was less than replacement cost; and the jury could have concluded that fair market value was less than $400.

Justice MARTIN dissenting.

ON grant of a writ of certiorari to review a decision of the Court of Appeals, 79 N.C. App. 659, 339 S.E. 2d 834 (1986), *Becton, J.*, dissenting, which found no error in defendant's trial and subsequent conviction of felonious larceny. Heard in the Supreme Court 13 October 1986.

*Lacy H. Thornburg, Attorney General, by Laura E. Crumpler, Assistant Attorney General, for the State.*

*Isabel Scott Day, Public Defender, by Gail M. Phillips (Merritt), Assistant Public Defender, for defendant-appellant.*

FRYE, Justice.

The sole issue before this Court is whether the trial court erred in refusing to submit a possible verdict of misdemeanor larceny to the jury where the only evidence concerning the value of the stolen articles was the owner's estimate of replacement cost. For the reasons stated in this opinion, we hold that the trial court erred.

According to the evidence introduced at trial by the State, defendant was seen pushing a lawn mower and edger down a street in the vicinity of Cove Creek Road in Charlotte in the rain at about 2:15 a.m. on 6 July 1984 by Officer Matthews of the Charlotte Police Department. She stopped him. Defendant told her that he had borrowed the mower and edger from a friend who lived in a nearby house. Another officer went to the house to verify defendant's story, but no one was at home. Officer Matthews arrested defendant and took him into custody.

The mower and edger were subsequently identified as items belonging to one Charles Gouch. The door to Gouch's storage shed had been forced open. Gouch testified at trial that he had not given anyone permission to take the mower and edger and also that he had not been to the shed for a couple of weeks.

Defendant was charged in a single indictment with felonious breaking and entering and with felonious larceny. The jury acquitted him of breaking or entering but found him guilty of felonious larceny. *See* N.C.G.S. § 14-72(a) (1986). Finding one factor in aggravation, the trial judge sentenced defendant to a term of four years and recommended work release. Defendant appealed to the Court of Appeals, which found no error with a dissent by

Becton, J. Defendant attempted to appeal to this Court; his notice of appeal reached the office of the Clerk of the Court of Appeals on the last day before his time to appeal had expired but did not reach the office of the Clerk of the Supreme Court until the following day. Defendant accordingly also petitioned for a writ of certiorari. Upon motion by the State, this Court dismissed defendant's appeal but allowed his petition for a writ of certiorari on 6 May 1986.

The trial judge instructed the jury on felonious breaking or entering, felonious larceny pursuant to a breaking or entering, and felonious larceny of goods valued at more than $400. Defendant requested an instruction on misdemeanor larceny (of goods valued not more than $400), but the trial judge refused. Defendant contends that, based upon the evidence presented at trial, this refusal was error. We agree.

Our review of the record discloses that the State's only evidence concerning the value of the items was provided by the testimony of Mr. Gouch. On direct examination, he estimated the approximate value of the mower and the edger together to be $500. On cross-examination, however, he explained that this figure represented replacement cost of both items.[1] He did not remember what he had paid for either, nor was he sure how long he had owned them. He thought he had owned the edger for about a year, and the mower for about two years. Although in explaining how he had identified the items Mr. Gouch did say that the edger "looked like new," there was no evidence at all about the condition of the lawn mower.

It is well established that the trial court is required to instruct on a lesser-included offense when there is evidence from which the jury could infer that the defendant committed the lesser offense. *State v. Gerald,* 304 N.C. 511, 284 S.E. 2d 312 (1981); *see also State v. Peacock,* 313 N.C. 554, 330 S.E. 2d 190 (1985). "Too, it would be appropriate to give such instructions where the evidence, although sufficient to support a finding that the value of the property involved was more than [$400], is equivocal and

---

1. We note in passing that "value" in N.C.G.S. § 14-72(a) (1986) refers to fair market value, not replacement cost. *State v. Dees,* 14 N.C. App. 110, 187 S.E. 2d 433 (1972). Defendant, however, failed to object to the admission of this evidence.

susceptible of diverse inferences." *State v. Jones*, 275 N.C. 432, 438, 168 S.E. 2d 380, 384 (1969). The State argues that there was no such evidence in the instant case. It contends that the jury could either accept Mr. Gouch's valuation or reject it and acquit defendant entirely. We disagree with this contention. Mr. Gouch did provide an estimated value of $500 for the mower and edger. However, he also testified that this amount represented replacement cost and that both items were used. The mower was about two years old and the edger, one. Aside from Mr. Gouch's statement, made in a different context, that the edger "looked like new," there was no evidence about the condition of the tools, nor of their original cost. We believe that the jury could have inferred from this evidence that the fair market value of the tools was less than their replacement cost, and also that it might well have concluded that this value was not more than $400. Under these circumstances, it was error for the trial judge not to have charged on misdemeanor larceny when properly requested.

Because defendant was acquitted of breaking or entering, under the facts of this case his conviction for felonious larceny depends upon the value of the stolen goods. *See State v. Jones*, 275 N.C. 432, 168 S.E. 2d 380. We therefore agree with defendant that the trial judge's error was prejudicial.

For all the above reasons, we reverse the decision of the Court of Appeals and remand to that court for further remand to the Superior Court, Mecklenburg County, for a new trial.

New trial.

Justice MARTIN dissenting.

I respectfully dissent. The only evidence of the value of the stolen items was presented through the testimony of Mr. Gouch. On direct examination he was asked:

Q. Do you know the approximate value of [the Lawn Boy mower and the edger]?

A. I would say $500.00 for the pair, for both of them.

Q. All right.

A. Just estimating.

During cross-examination Mr. Gouch was asked:

> Q. Mr. Gouch, how long had you had that lawn mower and edger?
>
> A. How long have I had it?
>
> Q. Yes, sir.
>
> A. Oh, probably had the edger a year and probably two years on the lawn mower, I would say. Now, all that's just estimates. I don't know for sure.
>
> Q. Do you remember how much you paid for them when you bought them?
>
> A. Really, I don't. I just estimated the cost at $500.00 to replace them. So, I don't really know what I paid for them.

Defendant did not object to or seek to strike any of this testimony. The defendant also did not object to the trial court's instructions to the jury that for defendant to be found guilty of felonious larceny the state must prove beyond a reasonable doubt that either the property must have been taken after a breaking or entering "or that the property was worth more than $400.00, on this night in question." In the absence of a request by defendant for further instructions on value, the trial judge was not required to instruct the jury that the proper measure of value under the statute of the stolen goods is not replacement value but fair market value at the time the goods were stolen. *E.g., State v. Davis*, 291 N.C. 1, 229 S.E. 2d 285 (1976); *State v. Everette*, 284 N.C. 81, 199 S.E. 2d 462 (1973).

It is well settled that a defendant is entitled to have a lesser included offense submitted to the jury only when there is evidence to support it. *E.g., State v. Barts*, 316 N.C. 666, 343 S.E. 2d 828 (1986); *State v. Strickland*, 307 N.C. 274, 298 S.E. 2d 645 (1983); *State v. Shaw*, 305 N.C. 327, 289 S.E. 2d 325 (1982).

> Submission of a lesser included offense when there is no evidence to support the milder verdict is not required when the indictment charges felony murder, arson, burglary, robbery, rape, larceny, felonious assault, or any other felony whatsoever. In all such cases if the evidence tends to show that the crime charged in the indictment was committed and there is no evidence tending to show commission of a crime

of lesser degree, the court correctly refuses to charge on un-supported lesser degrees. The *presence* of evidence tending to show commission of a crime of lesser degree is the deter-minative factor.

*State v. Poole*, 298 N.C. 254, 259-60, 258 S.E. 2d 339, 343 (1979) (Huskins, J., dissenting). In the present case there was *no* evidence before the jury that the value of the stolen goods was less than $500. Mr. Gouch's best estimate that their value was $500 was not rebutted by defendant and thus constituted the only evidence on the element of value. In the absence of any evidence that the stolen goods were worth less than $400, it was not error for the trial court to refuse to submit lesser included offenses to the jury. *E.g., State v. Barts*, 316 N.C. 666, 343 S.E. 2d 828.