STATE OF NORTH CAROLINA v. MARCUS CORBET HELMS

No. 9126SC1241

(Filed 4 August 1992)

**1. Larceny § 7.2 (NCI3d) — stolen pay telephone — value — evidence sufficient**

The trial court correctly denied defendant's motion to dismiss a charge of felonious larceny where defendant was charged with stealing a public pay telephone containing $162.20 and a wall unit enclosure and there was no evidence of market value, but evidence was presented that the telephone and enclosure were not common articles having a market value and that the replacement value exceeded $1500. A jury may

infer the market value of stolen property from evidence of replacement cost where the stolen property is not commonly traded and has no ascertainable market value.

**Am Jur 2d, Larceny §§ 159, 174.**

**2. Larceny § 8.3 (NCI3d) — stolen pay telephone — value — instructions**

The trial court did not err in a prosecution for felonious larceny of a public telephone by refusing defendant's request that the jury be instructed that the worth of the stolen property be determined by reference to its fair market value where the testimony at trial disclosed that this was not a common article susceptible to market valuation and the jury was instructed on non-felonious larceny.

**Am Jur 2d, Larceny §§ 159, 174.**

APPEAL by defendant from judgment entered 16 July 1991 by *Judge Marvin K. Gray* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 20 April 1992.

Defendant was charged with felonious larceny of a pay telephone, the property of Southern Bell, such property having a value in excess of $400, in violation of G.S. 14-72(a). Evidence presented at trial tends to show the following: On 14 January 1991 at about 5:15 a.m., Officer J. T. Taylor of the Charlotte Police Department saw defendant standing next to the open trunk of a car parked at a Fast Fare convenience store. Defendant, who was wearing gloves, saw Taylor and immediately slammed the trunk, jumped into the car, and drove away. Taylor pursued defendant for about three miles before losing him. Defendant was later apprehended and a search of his car revealed a public pay telephone and a wall unit enclosure. The telephone contained $165.20.

Dean Demmery, Assistant Manager of Public Communications for Southern Bell, testified that the cost of replacing the telephone and enclosure would be $1,542. He further testified that he could not state a market value of the stolen property. Robert Mohr, Staff Manager of the Claims Department at Southern Bell, testified that he was not aware of a market or market value for the stolen property.

The trial court instructed the jury on both felonious and non-felonious larceny. The jury found defendant guilty of felonious larceny and he was sentenced to eight years in prison.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Ron D. Everhart, for defendant appellant.*

WALKER, Judge.

[1] In his first assignment of error, defendant argues the trial court erred by denying his motion to dismiss the charge of felonious larceny. Defendant contends that the State produced insufficient evidence that the stolen property had a fair market value over $400. We disagree.

In reviewing the denial of a motion to dismiss, the evidence presented at trial must be examined in the light most favorable to the State to determine if there is substantial evidence of every essential element of the offense. *State v. McKinnon,* 306 N.C. 288, 293 S.E.2d 118 (1982). Substantial evidence is evidence that a reasonable person would consider sufficient to support the conclusion that the essential element exists. *Id.*

An essential element of felonious larceny is that the property stolen is worth more than $400. G.S. 14-72(a). In proving the value of stolen property, evidence of "market value" is generally utilized. *State v. Dees,* 14 N.C.App. 110, 187 S.E.2d 433 (1972). "[I]n the case of common articles having market value, the courts . . . have declared the proper criterion to be the price which the subject of the larceny would bring in open market." *Id.* at 112, 187 S.E.2d at 435, *quoting* 50 Am. Jur. 2d *Larceny* Sec. 45, pp. 209-211. Our Supreme Court has indicated that replacement cost can be used as evidence of the market value of stolen property. In *State v. Morris,* 318 N.C. 643, 350 S.E.2d 91 (1986), the Court addressed replacement cost evidence, along with evidence of the age and condition of stolen tools, where there was no evidence of market value. "We believe that the jury could have inferred from this evidence that the fair market value of the tools was less than their replacement cost, and also that it might well have concluded that this value was not more than $400." *Id.* at 646, 350 S.E.2d at 93.

In light of the holding in *Morris*, we hold that where stolen property is not commonly traded and has no ascertainable market value, a jury may infer the market value of the stolen property from evidence of the replacement cost. In the present case, there was no evidence of "market value" of the stolen property with the exception of the $165.20 contained in the telephone. However, evidence was presented that the telephone and enclosure were not common articles having a market value and that the replacement cost of the items exceeded $1,500. This evidence, along with evidence of the $165.20 contained in the telephone, was sufficient to allow the jury to determine that the value of the stolen property was greater than $400.

[2] In his last assignment of error, defendant contends that the trial court erred when it refused his request that the jury be instructed that the worth of the stolen property be determined by reference to its "fair market value." Instead of giving the requested instruction, the trial court instructed that an essential element of felonious larceny is that "the property was worth more than $400." When instructing the jury, the trial court has the duty to declare and explain the law arising on the evidence. *State v. Corn*, 307 N.C. 79, 296 S.E.2d 261 (1982).

Defendant is correct that the term "value" as used in G.S. 14-72(a) refers to fair market value, not replacement cost. *State v. Morris, supra*. Here, however, the jury was required to determine if the value of a used pay telephone (which contained $165.20) exceeded $400. Except for the money in the telephone, the testimony at trial disclosed that this was not a common article which was susceptible to market valuation. Other jurisdictions have held that where the stolen property has a unique or restricted use and there is no ascertainable market value, replacement cost may be considered in determining value. *See State v. Day*, 293 A.2d 331 (Maine 1972); *People v. Renfro*, 250 Cal.App.2d 921, 58 Cal. Rptr. 832 (1967); *State v. Randle*, 2 Ariz.App. 569, 410 P.2d 687 (1966); *Clark v. State*, 149 Tex.Crim. 537, 197 S.W.2d 111 (1946). Since the telephone was not susceptible to market valuation and because the jury also received an instruction on non-felonious larceny, we find that the instruction given was proper.

No error.

Chief Judge HEDRICK and Judge LEWIS concur.