***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn, and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission modifies the Opinion and Award of Deputy Commissioner Glenn.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. All the parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case. All parties are bound by and subject to the North Carolina Tort Claims Act. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
2. On April 6, 2007, Laci Shera was a spayed 12 years and 9 months old Jack Russell Terrier, belonging to the Sheras.
3. Laci was purchased by the Sheras on August 7, 1994 for $100.00.
4. On or about March 31, 2007, Laci Shera was admitted to the N.C. State University Veterinary Teaching Hospital.
5. On or about April 6, 2007, one or more named employees and/or residents of the defendant erroneously placed a nasoesophageal tube, which resulted in the death of Laci.
6. The issue to be determined from this hearing is as follows:
 a. What if any damages is plaintiff entitled to recover from defendant under the Torts Claims Act?
7. The exhibits that were admitted at the hearing are as follows:
 a. Stipulated exhibit #1, Laci's veterinary records from 2003-2006;
 b. Stipulated exhibit #2, Laci's veterinary records from 2007;
 c. Stipulated exhibit #3, internet sales information for Jack Russell Terrier puppies;
 d. Stipulated exhibit #4, classified advertisements for Jack Russell Terrier puppies; *Page 3 
 e. Stipulated exhibit #5, Laci's veterinary records representative of her diagnosis during her final days;
 f. Plaintiff's exhibit #3, expenses incurred for veterinary treatment for Laci from 2003-2007;
 d. Plaintiff's exhibit #4, summary of mileage incurred in seeking veterinary treatment for Laci; and
 e. Plaintiff's exhibit #5, statement by defendant about the bond of humans and animals.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff Nancy L. Shera and her husband Herbert K. Shera, Sr. (hereinafter "plaintiffs") purchased Laci, a then five week old female Jack Russell Terrier, on August 7, 1994 for $100.00.
2. Plaintiffs had Laci spayed shortly after they purchased her. As a result, Laci was not capable of producing offspring.
3. Laci participated in obedience lessons, but did not receive any other training.
4. Laci did not participate in any competitions, and did not win any prizes.
5. Plaintiffs formed an affectionate bond with Laci as well as with their other pets. Plaintiffs considered Laci to be comforting and soothing to them.
6. In early 2003, Laci was diagnosed with liver cancer. The cancer was removed at Veterinary Specialty Hospital (VSH) in Cary, North Carolina. Plaintiffs were informed by the *Page 4 
VSH that defendant could provide additional treatment for Laci's cancer that VSH was not able to provide.
7. Thereafter, plaintiffs took Laci to defendant's hospital in Raleigh, North Carolina for care and continued to do so up to the time of the incident which is the subject of this claim. While Laci received treatment at defendant's hospital, plaintiffs stayed at a nearby motel in order to be close to her.
8. Plaintiffs brought Laci to defendant's hospital on March 31, 2007 because she was ill. Laci was diagnosed with azotemia, hyponatremia, panhypoproteinemia, ascites, hypocalcemia, and possible oliguria.
9. On April 1, 2007, Laci was transferred to the intermediate care ward of defendant's hospital where she remained until April 5, 2007, when she was moved to the intensive care unit.
10. During her stay at defendant's hospital, Laci's condition became such that it was necessary to place a nasoesophogeal tube to provide her with nourishment. On April 5, 2007, employees and/or residents of defendant improperly placed the nasoesophogeal tube in Laci's lungs instead of her stomach. This improper placement resulted in Laci's death on April 6, 2007.
11. The average life span of a Jack Russell Terrier is 15 years.
12. The current purchase price for a Jack Russell Terrier puppy ranges from $125.00 to $350.00.
13. Jack Russell Terrier dogs certified by the Continental Kennel Club are readily available for purchase in North Carolina.
14. Plaintiffs paid defendant $2,755.72 for Laci's March 31, 2007 to April 6, 2007 visit to defendant's hospital. *Page 5 
15. Plaintiffs contend that Laci did not have market value, and they seek damages consisting of the intrinsic value of Laci.
16. Plaintiffs paid $155.00 to have Laci cremated.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the North Carolina Tort Claims Act (N.C. Gen. Stat. § 143-291), negligence is determined by the same rules that are applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to the Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty and (2) breached this duty, and (3) that this breach proximately caused (4) injury to the plaintiff. Id.
2. On April 5, 2007, one or more of defendant's employees or agents breached a duty of care to plaintiffs by improperly placing a nasoesophageal tube in their pet Laci's lungs. N.C. Gen. Stat. § 143-291, et seq.
3. Defendant's negligence in improperly placing the nasoesophageal tube was the proximate cause of Laci's death, and, therefore, the proximate cause of plaintiffs' injury, namely, the loss of their beloved pet. Id.
4. Under North Carolina law, dogs are treated as personal property. Jones v. Craddock, 210 N.C. 429, 187 S.E. 558 (1936);Meekins v. Simpson, 176 N.C. 130, 96 S.E. 894 (1918). *Page 6 
5. North Carolina follows the principle that the measure of damages for injury to personal property is the difference between the market value of the property immediately before and immediately after the injury. Light Co. v. Paul,261 N.C. 710, 136 S.E.2d 103 (1964).
6. Where an item of personal property is not commonly traded and has no ascertainable market value, the market value of that property may be determined based on evidence regarding the cost of replacement or repair. State v. Helms,107 N.C. App. 237, 418 S.E.2d 832 (1992); CarolinaPower Light Co. v. Paul, 261 N.C. 710, 136 S.E.2d 103 (1964). In the instant case, plaintiffs' damages are not easily subjected to a standard diminished market valuation, and therefore, the market value of plaintiffs' property should be determined based on the replacement cost of a Jack Russell Terrier. State v. Helms;107 N.C. App. 237, 418 S.E.2d 832 (1992).
7. The maximum replacement cost of a Jack Russell Terrier is $350.00.
8. While North Carolina courts have recognized intrinsic value as a category of damages that may be appropriate under certain circumstances, the courts have not recognized intrinsic value as the proper measure for damages for the loss of an animal, and the Full Commission declines to expand the intrinsic value category of damages by applying it to the instant case.
9. North Carolina courts have adopted as public policy the maxim of law that, "no man shall take advantage of his own wrong."J.R. Carver, Administrator of the Estate of Benjamin ScottCarver v. Phyllis Carver,310 N.C. 669, 675-676, 314 S.E.2d 739, 743 (1984) (citing Broom's Legal Maxims, Tenth Ed., 191). Applying the maxim to the instant case, defendant should reimburse plaintiff for the cost of Laci's treatment at defendant's hospital from March 31, 2007 through April 6, 2007 in the amount of $2,755.72. *Page 7 
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs shall recover damages in the amount of $3,105.72 from defendant for the damages they have sustained.
2. Each party shall bear their respective cost in this matter.
This the __ day of June, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1